[Civ No. 7393. First Appellate District, Division Two.—March 16, 1931.]

SAN JOSE BRICK COMPANY (a Corporation), Respondent, .v. RHODES–JAMIESON COMPANY (a Corporation), Appellant.

Clark & Heafey for Appellant.

Louis Oneal and Wm. F. James for Respondent.

NOURSE, P. J.—Plaintiff sued on an open book account and recovered judgment for $3,000. The defendant appeals on a bill of exceptions.

For many years prior to January 9, 1926, the plaintiff had been in the business of selling brick to the defendant under an agreement whereby the defendant from time to time made cash advances on request of the plaintiff and the latter billed the brick to defendant at $1 less than market price. The accounts of the parties were evidenced by vouchers forwarded by the defendant with each check showing the advances made and the credits of such advances on purchases from plaintiff. This practice continued from November, 1923, to July, 1926. On January 9, 1926, defendant sent plaintiff a check for $1500 attached to a voucher designating it as ''cash advanced on account''. On January 14, 1926, a similar check for $1500 was sent attached to voucher reading ''cash advanced''. Both checks were received by plaintiff and cashed by indorsement of the president and manager of plaintiff. The proceeds of the first check were used by the plaintiff corporation to cover its pay-roll in the operation of its business. The proceeds of the second check were taken from the corporation by its president and manager and were used by him in the purchase of additional stock of the plaintiff corporation for his own account.

On February 17, 1926, the defendant forwarded to the

plaintiff corporation four vouchers showing an itemized account of the purchases of brick from plaintiff down to February 13, 1926, crediting defendant with the $3,000 advanced, and showing a balance of $734.32. Attached to these vouchers and enclosed in the same envelope were the defendant's check covering the balance, and a letter of inclosure asking plaintiff to notify the defendant if any further amounts were due. The vouchers and the check were received by plaintiff, and the check was cashed in due course; but the plaintiff's president testified he had not seen the letter. No complaint was made by plaintiff, but the parties continued to do business as formerly and the plaintiff billed the defendant upon the goods sold after February 13th only. Approximately two years after the statement on this account in February, 1926, plaintiff made demand on defendant for the payment of $3,000 for brick sold and delivered prior thereto and commenced this proceeding.

On this appeal the defendant relies upon the well-settled rule that when a party neglects to object to an account within a reasonable time it becomes an account stated between the parties. Adopting this rule to its plea of payment the appellant contends that the statement of the account in February, 1926, which shows a credit of the $3,000 advanced to the bill of goods sold and the payment of the balance then stated to be due, is an acknowledgment of payment in full for all the items contained in respondent's bill of particulars. Respondent's reply to this is two-fold: That there is a conflict of evidence and hence it must be inferred that the trial court found that no account was stated; and second, that the answer did not specially plead the statement of the account.

The only conflict in the evidence is the wholly immaterial evidence that the president of the respondent corporation unlawfully took the proceeds of the second check for his own purposes and that the president of the appellant either urged or suggested that he should do so. There is no evidence that the statement of account and the letter of enclosure were not received by the respondent corporation and there is no conflict in the evidence that it was treated by both corporations as a correct statement of account between the parties for a period of approximately two years.

As to the first check for $1500 it is conceded that this amount was used by respondent to cover its "payroll," and from this it is argued that it was not an advanced payment in the ordinary course of business. We cannot follow respondent. It does not appear that in any of the advances made over this three-year period the appellant specified the purpose for which respondent was to use the money. The payment of its pay-roll is, of course, a corporate purpose and the corporation having taken the money from appellant for that purpose the appellant is entitled to credit on the goods billed to it. This no doubt was the view which the corporation took when it failed for approximately two years to assert any claim to the contrary. The conceded and undisputed facts bring the case squarely within the rule that the account submitted February, 1926, is deemed accepted and consituted an account stated. (*Auzerais* v. *Naglee,* 74 Cal. 60, 67 [15 Pac. 371]; 1 R. C. L. 213; 1 Cal. Jur. 196, and cases cited.)

The question remains whether under the pleadings the appellant was entitled to rely on this defense. The plaintiff sued on an open book account. The defendant denied the allegations of the complaint and pleaded full payment of the amount claimed due. The defense of a stated account is not a special defense which must be pleaded in those terms. The statement of account upon which the defendant relied was *evidence* of payment of the account in full. Hence, under the special plea of "payment" the defendant might offer proof of the statement of the account, just as he might offer proof of an accord and satisfaction or of a receipt of payment. Respondent relies on *Vaughan* v. *County of Tulare,* 56 Cal. App. 261, 268 [205 Pac. 21], where the court held that when the action was brought and *defended* on the original contract the defendant could not raise the plea of account stated on appeal. The case is not in point. This cause was defended, and defended most vigorously, on the ground that the account was stated and the respondent was not prejudiced by the failure to plead that defense specifically in the answer.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1931.