## WASHINGTON FIDELITY NATIONAL INSURANCE CO. v. HEARD.

No. 19865. Opinion Filed April 28, 1931.

Roscoe E. Harper and Gentry Lee, for plaintiff in error.

H. B. Clay and Davidson & Williams, for defendant in error.

HEFNER, J. This is an action originally brought in the district court of Tulsa county, subsequently transferred to the common pleas court of said county, by Laura Heard against the Washington Fidelity National Insurance Company, to recover on a life insurance policy. The policy was issued to Edith Robinson, who died June 1, 1927. The trial was to the court, resulting in a judgment in favor of the plaintiff. Defendant appeals.

The first assignment of error is that the court erred in overruling defendant's demurrer to the petition. In support of this assignment it is contended that plaintiff has no legal right to prosecute the action; that the same should have been brought by the administrator of Edith Robinson, deceased, and that he alone could maintain the action. The policy in question is an industrial life insurance policy, and in paragraph 1 thereof, among other things, provides: That in consideration of the payment of the premium as therein designated, the company agrees to pay upon receipt of proof of death and upon surrender of the policy the amount stipulated to the executor or administrator of the insured, unless payment be made under provisions of the next succeeding paragraph, which provides:

'The company may make any payment or grant any nonforfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for her burial; and the production of a receipt signed by any one of said persons, or of other proof of such payment or grant of such privilege to any of them, shall be conclusive evidence that all claims under this policy have been satisfied."

Counsel for defendant contend that the administrator is made sole beneficiary under the terms of this policy, and therefore is alone authorized to bring an action thereon.

That paragraph 2 of the policy, commonly known as the "Facility of Payment Clause," makes it optional with the company to pay any of the parties therein designated, but that it cannot be compelled to do so, and that neither of such parties can maintain an action on the policy, and cite numerous authorities in support of their contention. The general rule is no doubt as contended by defendant. In 14 R. C. L. 1426, it is said:

"Under a contract of insurance authorizing the payment of the amount of the policy to any relative or connection of the insured, or to one incurring expense in his behalf, one to whom such payment might be made, but who is not named as beneficiary, cannot enforce the policy. Such suit can be maintained only by the executor or administrator of the insured."

The authorities on this proposition are collected and discussed in 28 A. L. R. page 1350. An examination of these authorities will disclose that in a majority of the cases it is held that facility of payment clauses in industrial life insurance policies, providing in substance that the insurer may pay benefits to the beneficiary named, or to any other person appearing to be equitably entitled thereto, are for the benefit of the insurer, to be exercised or not at its option, and that it gives a third party to whom the insurer might have elected to pay the benefits no right to compel the insurer to make such payments to him.

We do not, however, think these authorities applicable to the situation here presented, as, in our opinion, taking into consideration all the terms and conditions of the policy and construing them together, it was the clear intention of the parties to designate the plaintiff herein, Laura Heard, beneficiary thereunder.

In paragraph 3 of the policy appears the following provision:

"The conditions, privileges and concessions to policy holders, schedule on page 4 hereof, and any indorsement either printed or written as made by the company, on any of the pages following, are a part of this contract as fully as if recited over the signatures hereto affixed."

The above provision appears on page 2 of the policy. In a subsequent part of the policy and on a different page thereof, under the heading "Space for indorsements referred to in conditions on page 2," we find the following indorsement:

"The insured has requested that in the event of death, the proceeds of this policy be paid to Laura Heard, 4-12-26."

Under the express provision of paragraph

3 of the policy, the above indorsement becomes a part of the policy and operates to make plaintiff the beneficiary thereunder, and she is therefore entitled to bring this action.

The other propositions urged by appellant have been decided adversely in the case of United States National Life & Casualty Company v. Laura Heard, 19866, this day decided, 148 Okla. 274, 297 Pac. 619.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.