BUSTER CALDWELL *v.* WORKMEN'S COMPENSATION APPEAL BOARD *et al.*

(No. 8412)

Submitted September 2, 1936. Decided September 15, 1936.

HATCHER, PRESIDENT, dissenting.

*Wilbur C. Frame,* for appellant.

*M. L. Painter,* for respondent American Eagle Colliery Company.

MAXWELL, JUDGE:

This appeal involves the construction of Code 1931, 22-2-61 and 62, which relate to persons riding on mine locomotives and loaded mine cars. The appellant, Caldwell, was injured while riding upon a loaded mine car. He proved, without controversion, an established custom of employees generally to ride the loaded cars with the full knowledge and tacit acquiescence of the mine foreman, though without his express permission. Frequently, the mine foreman rode on loaded cars with claimant and other employees. Caldwell was refused compensation on the ground that he violated the above statutes, and that he therefore was guilty of wilful misconduct which debarred him from compensation.

The statutes referred to are considered in their inverse order. These are the pertinent parts. Section 62: "No person, except the persons necessary to operate the trip or car, shall ride on any loaded car * * *." Section 61: "Motormen and trip riders * * * shall not permit any person or persons to ride on locomotives or loaded cars unless granted permission by the mine foreman."

The coal company contends that in the light of the direct inhibition stated in section 62, the "permission" provided for in section 61 must be express and affirmative, in order that claimant's behavior be within the exception provided by the statute. This interpretation was adopted by both the commissioner and the appeal board.

Section 61, being broad and unrestricted, and silent as to the form and manner of giving "permission" we see no good reason for placing a different construction thereon from that which the words employed clearly imply.

Permission imports power or authority of refusal. Long prior to, and throughout the period of employment of claimant, the company not only failed to make known any objection to its employees' riding loaded mine cars but openly acquiesced in this conduct to the extent that the company's foreman observed without admonition this common practice and repeatedly rode with other employees on loaded cars. This we conclude became an encouraged custom in the operation of the company's mine, and constituted "permission" within the meaning of the statute.

We conceive that to place upon section 61 the narrower interpretation invoked by the employer, the commissioner and appeal board, requiring express or affirmative act of permission, would place an employer in a position of undue advantage in this, that though approving by continued course of conduct a dangerous practice, he could successfully defend against the consequences thereof by placing the blame entirely on the employee.

For the reasons stated, we are of opinion that claimant was not acting in violation of the statute but came within the exception of section 61, and that the orders of the commissioner and appeal board should be reversed, and the cause remanded.

*Reversed.*

HATCHER, PRESIDENT, dissenting:

Riding loaded mine cars is obviously a dangerous practice for miners. Section 62 could have no other purpose than to inhibit that practice. Section 61 was designed, in my opinion, merely to enable the foreman to meet an emergent or exigent situation. In doing so, I would say that he could give special or implied permission to one or several or even all the miners to ride loaded cars. But

to hold that the foreman, under Section 61, either impliedly or expressly may permit all the miners at all times to ride loaded cars is to hold that he may substitute his will for the judgment of the legislature; and thus, nullify the salutary purpose of Section 62. I respectfully dissent from that holding.