## WASHINGTON NATIONAL INS. CO. v. BRYANT.

No. 28125. May 3, 1938.

Rehearing Denied June 14, 1938.

Harper & Boesche, for plaintiff in error.

Amos T. Hall, for defendant in error.

CORN, J. This action was originally brought in the common pleas court of Tulsa county by the defendant in error against the plaintiff in error, an Illinois corporation, to recover upon a policy of industrial insurance issued to James Marshall, who died June 28, 1936. The case was tried on plaintiff's second amended petition and resulted in a verdict and judgment for plaintiff for $522, costs and interest from November 9, 1936, until paid. Hereafter we will refer to the parties as in the trial court.

Defendant issued the policy December 23, 1935, in which plaintiff was named beneficiary, and it appeared that she paid the expenses of insured's last illness. Defendant admitted the policy was in force, but claimed deceased was not in "sound health" when the policy was issued, tendered back the premiums paid, and asked to rescind the contract.

Defendant further alleged the policy was obtained by fraud and misrepresentation of deceased in stating, in his application, that he had no physical defects; he had fully recovered from an operation; neither of his parents had died of any pulmonary disease. Whereas, defendant contended, deceased had not recovered from the operation; his mother had died of tuberculosis, and he was suffering therefrom at date of application, all of which was known to deceased, but denied by him with the intent to deceive the defendant. Defendant further alleged deceased to have misstated his age as 20, when in fact he was nearly 22, hence any amount due under the policy could not exceed $504. Further, that plaintiff participated in procurement of policy by fraud, knowing the true facts, and is thereby estopped to claim the proceeds.

At the close of the evidence, special interrogatories were submitted to the jury, and defendant asked judgment on these special findings, notwithstanding the verdict, which request was refused. Defendant assigns 12 specifications of error, which are presented under three propositions. The first of these is directed toward showing the plaintiff is not a proper party and the petition does not state a cause of action against the defendant.

The defendant argues the policy definitely provides for payment to the administrator or executor of the insured, unless payment was made under the "facility of payment" clause common to this type of policy, which provided:

"The company may make any payments or grant any nonforfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by anyone of said persons, or of other proof of such payment or grant of such privilege to any of them, shall be conclusive evidence that all claims under this policy have been satisfied."

In the application for this policy the deceased named the plaintiff, his aunt, as beneficiary, and her name appears as such on the policy itself. As to the deceased's right to designate her as his beneficiary there can be no doubt.

This character of insurance has for its object, mainly, to provide for the expense of the last sickness and provide a decent burial. 31 C. J. 966, sec. 1; Wallace v. Prudential Ins. Co. of America, 170 Mo. App. 110, 157 S. W. 1028. In 31 C. J. 969, sec. 7, it is said that such clauses are inserted in this type of policy for several purposes: (1) To afford a ready method of raising money for insured's benefit; (2) to enable money to be paid speedily after insured's death, without expense and delay of taking out administration. Such clauses are upheld by the courts and are regarded by them with favor, and within certain limits confer upon the insurer an option as to whom payment will be made.

The defendant cites Washington Fidelity Nat. Ins. Co. v. Heard, 148 Okla. 294, 298 P. 622, and attempts to distinguish the case from the case at bar. The Heard Case, supra, held the defendant liable to a beneficiary whose name had been indorsed upon the policy subsequent to issuance of the policy, on the grounds the indorsement controlled any conflicting provision in the printed form.

The authorities touching this proposition are collected and discussed in Williard v. Prudential Insurance Company, 276 Pa. 427, 120 Atl. 461, 28 A. L. R. 1350. Examination of the cases therein cited discloses the salient point to be that such clauses are for the benefit of the insurer, and that a third party whom the insurer might have elected to pay has no right to compel the insurer to make payment to him.

But, as was similarly announced in the Heard Case, supra, these authorities are not controlling, since the policy itself reveals the clear intention of the parties to have been the designation of Curlie Bryant as

beneficiary under the policy. There exists no ground for saying a beneficiary in a case such as this has no right to bring an action to collect upon the policy merely because the insurer **might** choose to exercise the option granted to it by this type of policy.

Further, there can be no merit to the defendant's contention because, under the terms of the clause in question, the defendant could make payment to anyone it deemed equitably entitled thereto. Having made payment, the defendant had only to show a receipt for same and be entirely absolved from any further liability.

To sustain the defendant's contention would only serve to destroy the real reason for such provisions in this type of insurance contract. Under numerous decisions of this court, a provision in a policy of insurance is to be construed most strongly in favor of the insured. There being no substantial difference, we hold, upon the authority of the Heard Case, supra, the beneficiary named is a proper party to bring an action upon the policy.

The defendant next alleges error in the trial court's refusal to grant requested instruction No. 6, in giving instructions Nos. 1 and 2, and in overruling defendant's motion for judgment upon the special findings, notwithstanding the general verdict.

Requested instruction No. 6 was as follows:

"You are further instructed that if you find that the said James Marshall, the insured, made representations and statements in his application for said insurance policy that were material and were substantially untrue, then you must return a verdict for the defendant."

Defendant further contends there was error in giving instructions Nos. 1 and 2, stating, in substance: (1) Defendant had burden of showing insured willfully and fraudulently made false statements in his application for insurance; (2) if jury found insured willfully misled, defendant with intent to defraud, or that he was not in sound health when making application, the verdict had to be for defendant.

The special interrogatories given the jury were: (1) Whether deceased represented neither of parents had died of pulmonary disease. This the jury found in the affirmative. (2) Whether deceased's mother died of tuberculosis? The jury found this in the affirmative. (3) Whether deceased knew, or should have known, what caused his mother's death and willfully misrepresented such fact in bad faith? This the jury found in the negative.

Thus it is to be seen the jury expressly found the insured did not know the cause of his mother's death at the time he made application. The evidence was that the mother died when insured was only a small boy. Too, there was the sister's conflicting testimony that she died of childbirth.

Cooley's Briefs on Insurance (2nd Ed.) vol. 4, p. 3413, states:

"The general tendency is to relax the strict rules, where statements as to family history are involved. When the questions require the applicant to disclose the facts only so far as he knows them, or the answers are qualified as made to the best of the applicant's knowledge, such statements, though incorrect, do not avoid the policy."

The defendant cites numerous decisions from this court and courts of other states, holding that false information voluntarily given by an applicant voids a policy. However, examination of these cases discloses all of them are bottomed upon the proposition that if the statements are false **and known to be false,** the policy is rendered void.

A long line of decisions from this court announces the rule that where misrepresentations of an applicant are claimed as grounds for avoiding a policy, the question whether such representations were made with an intent to deceive the insurer is for the jury. N. Y. Life Ins. Co. v. Carroll, 154 Okla. 244, 7 P.2d 440; National Life & Acc. Ins. Co. v. Ware, 169 Okla. 618, 37 P.2d 905.

However, the defendant urges this line of decisions is based upon section 10519, O. S. 1931, providing the statements in an application shall, in absence of fraud, be deemed representations and not warranties, and is inapplicable here, in view of section 10530, O. S. 1931, providing that section 10519, supra, does not apply to policies of industrial insurance such as we have here. Supporting this argument, the defendant contends that the rule announced in the above-cited cases cannot control here, and urges that the rule as set forth in Mutual Life Ins. Co. of N. Y. v. Morgan, 39 Okla. 205, 135 P. 279, N. Y. Life Ins. Co. v. Clark, 110 Okla. 31, 235 P. 1081, and United Benefit Life Ins. Co. v. Knapp, 175 Okla. 25, 51 P.2d 963, is the rule to be applied in the case at bar.

The most recent pronouncement of this rule is in the Knapp Case, supra, where in paragraph 1 of the syllabus the court said:

"False representations render a contract of insurance voidable, provided they are

material and relied on by the insurance company in making the contract. **But representations as to things not susceptible of present actual knowledge amount only to statements of opinion or belief, and as to such representations the good faith of the insured furnishes the criterion of truth, for they can be false only when the opinion or belief, as stated, is not honestly entertained."**

In the body of the opinion of this same case is this statement:

"But it is important to note that this rule applies only to representations of previous and present conditions and past events, which are susceptible of exact knowledge and correct statement."

Deceased's sister testified their mother died from childbirth, and the evidence further showed deceased was a small boy at the time of his mother's death. To this child, who was no doubt told his mother died of natural causes and who never had occasion to inquire further as to the cause of her death, the rule contended for by defendant as to these so-called "objective representations" cannot now be directed, in order to hold that the statements he made in his application regarding his mother's death voided this policy. This was a matter for the jury to pass upon, and by their verdict the jury found the deceased did not make these statements with a fraudulent intent. and the jury's finding is not to be disturbed on appeal.

The defendant also claims as error that the verdict and judgment are contrary to law and the evidence, and the court erred in overruling the motion for new trial. This argument is based upon the provision in the policy that the company assumes no liability if. in fact, the insured is not in sound health upon issuance of the policy. Defendant contends deceased was either afflicted with tuberculosis when he took the policy. or thought he was. and willfully concealed the true condition of his health in order to procure the policy.

Defendant required a medical examination with the application, and this was given by defendant's own physician, who stated in the application that he found nothing wrong with deceased's lungs. The evidence further showed deceased was examined prior to the appendectomy and nothing was found to be wrong with his lungs, and he recovered from the operation in a satisfactory manner, only to later develop tuberculosis in a form which strikes its victims down in a very short time.

In answering the special interrogatories the jury found the deceased was not suffering from tuberculosis at the time he bought the policy, and the evidence is sufficient to justify this finding. The defendant cites and relies upon Home State Life Ins. Co. v. Jennings, 179 Okla. 39, 64 P.2d 304, holding that an insurer has to go no further than proving that on the controlling date the insured had specific information or knew he was afflicted with a fatal malady. However, in the case at bar the jury expressly found from the evidence that the insured was in sound health when this policy was issued, hence this case does not apply.

The verdict of the jury was sufficiently sustained by the evidence and the trial court did not err in overruling defendant's motion for new trial.

Judgment affirmed.

Supersedeas bond having been given by the defendant in the court below and the plaintiff having asked judgment thereon, such judgment is accordingly rendered against the sureties on said bond as prayed for by the plaintiff.

BAYLESS. V. C. J., and RILEY, WELCH, PHELPS, GIBSON, and HURST. JJ., concur. OSBORN, C. J., and DAVISON, J., absent.