PRUDENTIAL INS. CO. OF AMERICA v. WILLINGHAM.

*98 P. 2d 44.*

No. 29004.   Jan. 16, 1940.

Potterf, Gray & Poindexter, of Ardmore, for plaintiff in error.

J. B. Moore, of Ardmore, for defendant in error.

GIBSON, J. Defendant below has appealed from a judgment rendered against it on an industrial insurance policy on the life of plaintiff's son.

The policy was issued on application of the plaintiff when the insured was 14 years old. The latter died some years after his majority.

Among the errors assigned is the action of the trial court in overruling demurrer to the petition. The grounds of the demurrer were that the petition failed to state a cause of action, and that there was a defect of parties plaintiff for the reason that the plaintiff could not recover individually on the policy.

Plaintiff asserts that the application aforesaid named the father as beneficiary, and that by reason of section 10524, O. S. 1931, 36 Okla. Stat. Ann. § 218, the application was a part of the insurance contract, and therefore the plaintiff as the father of deceased was the proper party plaintiff.

In his petition plaintiff based his right to maintain the action upon that part of the policy refered to as the "Facility of Payment" clause. The beneficiaries named in the policy were the executors or administrators of the insured, but under the facility of payment provision the company was authorized to make payment to any relative by blood or connection by marriage of the insured.

Plaintiff did not plead the application as a part of the contract, but the same was introduced in evidence by the defendant. Assuming that the trial court may have actually considered the petition to have been amended to conform to the proof in this respect, and treated the petition as amended to include the application, said application could not be considered as a part of the insurance contract over the objection of defendant under the circumstances here presented. The policy did not refer to the applica-

tion in any manner. A policy of the character here considered must refer to the application in appropriate terms if it is to become a part of the policy.

Aside from statutory provisions, the general rule is that the application for insurance of any character constitutes no part of the policy issued thereon, unless the policy itself refers to such application in language sufficient to show that the parties undestood and accepted the application as a part of the policy. 32 C. J. 1160, sec. 273; Mutual Life Insurance Co., etc., v. Morgan, 39 Okla. 205, 135 P. 279.

Section 10519, O. S. 1931, 36 Okla. Stat. Ann. § 213, enlarges somewhat upon the general rule stated above. It provides in substance that although a policy of life insurance may refer to the application, the application may not be considered a part of the policy unless the same is attached to the policy.

But neither that section nor section 10524, supra, relied upon by plaintiff, applies in this case. The policy here is an industrial policy, and such policies are specifically excluded from the operation of said sections. Section 10530, O. S. 1931, 36 Okla. Stat. Ann. § 18. Since these sections do not apply, the insurance contract remains subject to the general rule stated above. The policy not only fails to refer to the application, but specifically provides that "this policy contains the entire contract between the parties hereto."

It follows that the application cannot be considered a part of the insurance contract, and the plaintiff, even if named as beneficiary in the application, cannot be considered the beneficiary, since he is not so named in the policy. The beneficiaries named were the executors or administrators of the insured. They alone could legally demand payment, and therefore maintain an action on the policy.

For authority to maintain the action, plaintiff relies upon Washington Fidelity, etc., Co. v. Heard, 148 Okla. 294,

298 P. 622; Washington National Ins. Co. v. Bryant, 183 Okla. 90, 80 P. 2d 239. An examination of those decisions will reveal that they are squarely against plaintiff's contention, for there the insured had made legal designation of a beneficiary other than the one named in the policy, and the designation was on the policy itself.

The policies in question in the last two cited cases contained a facility of payment clause similar to that contained in the instant policy. The syllabus by the court in the Heard Case will clearly show the court's disposition of the case. It reads as follows:

"The general rule is that under a contract of insurance authorizing the payment of the amount of the policy to any relative or connection of the insured, or to one incurring expense in his behalf, one to whom such payment might be made, but who is not named as beneficiary, cannot enforce the policy. Such suit can be maintained only by the executor or administrator of the insured. Where, however, a policy contains a provision for indorsement to be made thereon and provides that such indorsements shall become part of the contract, and there is an indorsement on the policy to the effect that the insured has requested that in the event of death the proceeds of the policy shall be paid to a certain individual, the individual named may maintain an action to enforce the obligations of the policy."

That syllabus, excluding the last sentence thereof, may well be adopted as controlling of this case.

We therefore hold that where an industrial life insurance policy names only the executors or administrators of the insured as beneficiaries, and contains a facility of payment clause permitting payment to be made to relatives of the insured, the insurer may at its option pay said beneficiaries or said relatives, but none but the beneficiaries aforesaid may maintain an action to recover under the policy.

The trial court erred in not sustaining the demurrer to the petition. The

364

judgment is reversed and the cause remanded, with directions to dismiss the action.

BAYLESS, C. J., WELCH, V. C. J., and CORN and DAVISON, JJ., concur.