## DIDLAKE v. STANDARD INS. CO.

### No. 4379.

United States Court of Appeals Tenth Circuit.

Feb. 22, 1952.

---

6. Emphasis added.

7. Emphasis added.

248

James E. Grigsby, Oklahoma City, Okl., for appellant.

Duke Duvall, Oklahoma City, Okl. (Dudley, Duvall & Dudley, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

On February 17, 1951, LaVelle Didlake, while a passenger in an automobile owned and being operated by William C. Jannson, suffered injuries caused by the negligence of Jannson. On April 30, 1951, she recovered a judgment against Jannson in the district court of Oklahoma County, Oklahoma, for $5,047.45.

In January, 1951, Jannson purchased the automobile, making a down payment of $80.88. He was then 19 years of age. In order to finance the deferred payments on the automobile, which he could not do himself because of his minority, he induced Earl R. Lathrop, an adult 24 years of age, falsely to assume the role of owner. Lath-

rop did not pay the down payment, the premium on the insurance policy hereinafter referred to, or the installment payments on the automobile as they became due. They were paid by Jannson, the true owner.

On or about February 15, 1951, Lathrop, by telephone, requested Paul W. Meade, a duly licensed policy writing agent of the Standard Insurance Company,[1] to write a policy of insurance on the automobile, covering liability for bodily injury and property damage. Lathrop represented to Meade that he was the sole owner of the automobile. Meade issued the policy at Oklahoma City, Oklahoma. Meade had no knowledge of the relationship between Lathrop and Jannson or that Jannson was the owner of the automobile and had the possession and control thereof. The declaration, which was attached to and by reference incorporated in the policy as a part thereof, contained the following agreements and representations:

"Name of insured—P. F. C. Earl R. Lathrop, Serial No. 16328626.

"Address 2592 AFRTC Tinker Field, Oklahoma City, Oklahoma.

\* \* \* \* \* \*

"Except with respect to bailment lease, conditional sale, mortgage or other encumbrance the named insured is the sole owner of the automobile.

\* \* \* \* \* \*

"By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

By express provision in the policy the declaration was made a part thereof.

The policy contained the following provisions:

"The company agrees \* \* \*

"To pay on behalf of the insured all sums which the insured shall become

1. Hereinafter called the Insurance Company.

legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\*  \*  \*  \*  \*  \*

"III. Definition of Insured: With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile \* \* \* provided the actual use of the automobile is by the named insured or with his permission."

The policy also covered in the usual form loss from theft, fire, or damage to the automobile.

At the time the policy was issued, Jannson was a minor, unmarried, in the United States Air Force, and stationed at Tinker Field, Oklahoma City, Oklahoma.

Didlake brought this action against the Insurance Company to recover upon the contract of insurance, on the theory that Jannson was covered under the omnibus clause quoted above.

By a written stipulation filed in the cause, the parties stipulated, in addition to other facts, that the representation by Lathrop that he was the owner of the automobile was false; that Jannson was the "real and actual owner" thereof; that Lathrop was merely "fronting" for Jannson, in order to enable him to secure the necessary financing of the purchase price of the automobile on a deferred payment plan; that "such false representation by Lathrop that he owned said automobile was known to be false by him when made, intended to be relied upon by Meade and the defendant by him, and was relied upon by the defendant and its agent, and upon such reliance said insurance agreement was made, and but for such false representation, such insurance agreement would not have been made."

Didlake took the deposition of Meade, the Insurance Company's agent. In the deposition, Meade testified that when he took an application for automobile liability insurance he had the applicant furnish the information covered in the declaration; that he also had to ascertain the age of the named insured; that he had instructions from the Insurance Company not to write a policy for any applicant under 21 years of age; and that if Jannson had applied for the insurance and had told him that he was a minor, 19 years of age, single, and on duty away from home, he would not have written the policy.

Mel Huntley, the secretary of the Insurance Company, by written affidavit filed in the cause, averred that the application for the insurance would have been rejected had Meade known that Jannson, a minor, 19 years of age, unmarried, and a member of the Air Force on duty at Tinker Field, was the true owner of the automobile and that Lathrop, a 24-year-old adult, was not the true owner of the automobile and had no interest therein, and that the reason it would have rejected the application is because the Insurance Company does not consider a 19-year-old minor, away from home and on duty in the Army, a desirable risk.

From a summary judgment entered in behalf of the Insurance Company, Didlake has appealed.

In United Ben. Life Ins. Co. v. Knapp, 175 Okl. 25, 51 P.2d 963, 964, the court said: "In making a contract of insurance it is the duty of the person applying for insurance, upon a risk of whatever kind, to give to the insurance company all of the necessary information concerning the risk as will be of use in estimating its character and in determining whether or not to assume it. This duty is the natural outgrowth of the nature of the insurance business. Thus arises the rule that the untruth of any material representation relied on by the insurance company in making the contract will avoid the contract, wholly irrespective of the intent, whether innocent or fraudulent, with which such misrepresentation was made." See, also, Washington Nat. Ins. Co. v. Bryant, 183 Okl. 90, 80 P. 2d 239, 242.

Here, the statement as to the ownership of the automobile was an existing fact, susceptible of exact knowledge and correct

statement. Lathrop knew it was false when he made it; he intended that Meade and the Insurance Company should rely upon it; they had a right to and did rely upon it, and but for such false representation the policy would not have been issued.

■ Under the Oklahoma decisions, in order for a false representation to avoid a policy of insurance it must be material to the risk.[2]

In support of his contention that the false representation as to ownership was not material to the risk, counsel for Didlake primarily relies on Mid-States Ins. Co. v. Brandon, 340 Ill.App. 470, 92 N.E.2d 540; Kuntz v. Spence, Tex.Civ.App., 48 S.W.2d 413, and Pauli v. St. Paul-Mercury Indemnity Co., 167 Misc. 417, 4 N.Y.S.2d 41, affirmed 255 App.Div. 935, 8 N.Y.S.2d 691.

In Mid-States v. Brandon, which involved a policy of automobile insurance, insuring against public liability and property damage, the court, under facts not materially different from the facts in the instant case, held that a misrepresentation as to ownership was not material to the risk incurred with respect to liability to third persons.

In Kuntz v. Spence, Kuntz, the named insured in a policy of automobile insurance which insured against loss from theft, fire or damage to the insured automobile, and against liability to third persons for bodily injury and property damage caused by the ownership, maintenance or use of the automobile, had purchased the automobile, making a down payment of $550 and securing the balance of $844, evidenced by promissory notes, by a bill of sale which had the effect of a chattel mortgage. Under the provisions of Art. 5489, Rev.Civ.Statutes of Texas, the title had passed to the named insured, subject to the incumbrance. The court, after holding that a provision in the policy that the insurer would not be liable for loss or damage to any property insured under the policy, while subject to any lien, mortgage or incumbrance not set forth in the declaration, had no application to the

liability insurance coverage of the policy, further held that the fact the automobile was incumbered at the time the policy was issued was not material to the risk incurred under the provision of the policy insuring against liability for bodily injuries. The case was reversed on other grounds. See Kuntz v. Spence, Tex.Com.App., 67 S.W.2d 254.

In Pauli v. Indemnity Co., Kenneth Carncross, the named insured in a policy of automobile insurance which indemnified the insured against liability from bodily injury and property damage resulting from the ownership, maintenance or use of the automobile and provided no other coverage, had purchased the insured automobile under a conditional sales contract on which he owed a balance of $500. In the declaration it was stated that the named insured was the sole owner of the automobile. While driving the insured automobile Carncross was involved in an accident resulting in the death of Esther M. Pauli, and Esther M. Pauli, 2nd, and personal injuries to Margaret Pauli. The Paulis recovered judgments against Carncross amounting to $32,500. An action was then brought against the Indemnity Company to recover the limit of the liability named in the policy. The court held that the misrepresentation with respect to the ownership of the automobile was not material to the risk insured against.

It will be observed that in Kuntz v. Spence, the named insured had made a down payment and held the title to the automobile, subject to an incumbrance, and that in Pauli v. Indemnity Co. the named insured had made a down payment and held the equitable title to the automobile, subject to a conditional sales contract; and that the liability in both cases, for personal injuries caused by the ownership, maintenance or use of the automobile, was predicated on the coverage of the named insured and not upon the coverage of an omnibus clause. The rationale of both decisions was that the owner of the legal, or equitable title to an automobile, subject

2. Washington Nat. Ins. Co. v. Bryant, 183 Okl. 90, 80 P.2d 239, 242; United Ben. Life Ins. Co. v. Knapp, 175 Okl. 25, 51 P.2d 963, 964.

only to a lien securing the balance due on the purchase price, would not operate the automobile with less care than would a person who was the owner of the automobile, free from incumbrance.

We are of the opinion that under the statements and agreements in the declaration and the provisions of the policy it may not be held that the representation that the named insured (Lathrop) was the sole owner of the automobile was intended to be material only with respect to the coverage against loss from fire, theft or damage to the insured automobile.

When an insurance company issues a policy of automobile liability insurance, providing for coverage of the named insured as owner, and containing an omnibus clause, it intends that the coverage of the named insured shall apply to the person who owns, possesses and controls the automobile, and that the omnibus clause shall apply only to third persons who use the automobile with the owner's and named insured's consent, given by the owner in the exercise of discretion and judgment. It is true that the insurance company, when it issues such a policy, has no knowledge with respect to third persons who may use the automobile with the permission of the owner and named insured, but it is a reasonable assumption that ordinarily the major use of the automobile will be by the owner and the named insured. Hence, it seems to us that the age and driving habits of the owner and named insured and whether he possesses normal mental and physical faculties are facts which should be, and are, considered by an insurance company in determining whether it will assume the risk to be covered by the policy.

Where the application for the insurance is made by the true owner and he is to be designated in the policy as the named insured, the insurance company, before issuing the policy, may investigate the age and other facts with respect to such owner which it deems important in determining whether to issue the policy, but where the fact with respect to ownership is misrepresented and the identity of the true owner is concealed with the purpose of obtaining coverage for the true owner under the omnibus clause, no such opportunity is present.

The Insurance Company, like many liability insurance companies today, was not willing to issue an automobile insurance policy covering minors. The reason is obvious—the higher accident rate of persons in the age group between 16 and 21. The minority of the true owner and the fact that he was away from home and in the armed services was a fact that was regarded as material by the Insurance Company.

We have been unable to find any Oklahoma decisions on the question, but we are of the opinion that under the facts here presented, the courts of Oklahoma would hold the false statement as to ownership was material to the risk. Accordingly, we conclude that such false statement avoided the policy.

If we assume, without conceding, that the policy was not avoided by the false representation, then in our opinion the judgment below would have to be affirmed for another reason. Jannson owned the automobile and he had possession and control thereof. Lathrop did not own the automobile and he did not have either possession or control thereof. While the use of the automobile by Jannson at the time of the accident was with the assent of Lathrop, such use was not, in our opinion, with the permission or consent of Lathrop, as those terms are used in omnibus clauses in automobile insurance policies. The words "permit" or "consent" connote the power to grant or withhold.[3] Since Lath-

3 Whitney v. Employers' Indemnity Co., 200 Iowa 25, 202 N.W. 236, 239, 41 A.L.R. 495; Fagg v. Massachusetts Bonding & Ins. Co., 142 Or. 358, 19 P.2d 413, 415; Giroud v. New Jersey Mfrs. Casualty Ins. Co., 106 N.J.L. 238, 148 A. 790, 791; Fertig v. General Acc. Fire & Life Assur. Corp., 171 Misc. 921, 13 N.Y.S.2d 872, 879, 880; Mitchell Lime Co. v. Nickless, 44 Ind.App. 197, 85 N.E. 728, 729; State ex rel. United Rys. Co. v. Public Service Commission, 270 Mo. 429, 192 S.W. 958, 961; Gray v. Walker, 16 S.C. 143; Locke v. Redmond, 6 Kan.App. 76, 49 P. 670, 671; Caldwell v. Workmen's Compensation Appeal Board, 117 W.Va. 706, 188 S.E. 122.

rop was not the owner and was neither in possession nor control of the automobile, he could neither give nor withhold consent within the meaning of the omnibus clause.

In Whitney v. Employers' Indemnity Co., 200 Iowa 25, 202 N.W. 236; Fagg v. Massachusetts Bonding & Ins. Co., 142 Or. 358, 19 P.2d 413; Giroud v. New Jersey Mfrs. Casualty Ins. Co., 106 N.J.L. 238, 148 A. 790; Fertig v. General Acc. Fire & Life Assur. Corp., 171 Misc. 921, 13 N.Y.S.2d 872, and Keystone Automobile Club Casualty Co. v. Fazio, Pa.Com.Pl., 4 Chest. 200, it was held that where an automobile liability insurance policy is issued to one person and where the ownership, possession and control of the automobile are in another, the latter is not covered by the omnibus clause. The rationale of such decisions is that the words "consent" or "permission" as used in the omnibus clause connote the power to withhold as well as grant, and since the named insured in the policy could not withhold from the owner in possession and control of the automobile the right to use it, it could not be said that the use by the latter was with the permission and consent of the person to whom the policy was issued.

Here, the use of the automobile by Jannson at the time of the accident was by virtue of his ownership, possession and control of the automobile. It was not by virtue of permission given by Lathrop, who could not withhold from Jannson the right to use the automobile and therefore could not give his permission for such use.

Jannson caused Lathrop to represent falsely to the Insurance Company that he was the owner of the automobile to induce the Insurance Company to issue the policy to Lathrop as the owner and named insured. The Insurance Company, believing such representation and relying thereon, was induced to issue the policy to Lathrop. By the omnibus clause it intended to cover, not the owner, but third persons. It plainly did not intend that a concealed owner, who was not a third person, should be covered by the omnibus clause. Therefore, we are of the opinion that no rule of liberal construction warrants the interpretation that Jannson was covered by the omnibus clause.

Affirmed.