**TRI-STATE INSURANCE COMPANY,**
Plaintiff in Error,
v.
**H. P. HERZER and Gilbert Lee Engle,**
Defendants in Error.

No. 36213.

Supreme Court of Oklahoma.

Dec. 14, 1954.

Rehearing Denied Jan. 25, 1955.

section of 12th Street and Florence Avenue in the City of Tulsa, Oklahoma, at which point he was struck by an automobile operated by Gilbert Lee Engle, resulting in certain physical injuries.

On March 19, 1952, H. P. Herzer filed an action in the District Court of Tulsa County, Oklahoma, to recover damages for the injuries thus sustained. Thereafter, on the 3rd day of July, 1952, Herzer recovered a judgment by default against Engle in the sum of $5000. After the return of an execution Nulla Bona, Herzer commenced this proceeding against the Tri-State Insurance Company, as garnishee, alleging that the insurance company had previously written an automobile liability policy covering the automobile being operated by Gilbert Lee Engle at the time of the accident referred to, and the garnishee was therefore indebted to Herzer in the amount of the judgment rendered.

In answer to the garnishment process, the insurance company filed an answer admitting the execution of a standard combination automobile policy to one Pearl Parker, covering the automobile involved in the accident; that said policy was issued upon the representation that Pearl Parker was the owner of said automobile, when in fact it was owned by her grandson, a minor, one Gilbert Lee Engle; that the representation so made with reference to ownership of the automobile was material, was false, and made with intent to deceive the insurance company to its detriment; that the garnishee therefore declined to defend the original action of Herzer v. Engle.

We deem it advisable to refer to certain findings and conclusions of the trial court made in support of the judgment rendered in the original action;

(a) The court found that the automobile involved in the accident was owned by Pearl Parker, since the date of its purchase by her;

(b) That the automobile was being driven by Gilbert Lee Engle, with the knowledge and permission of Pearl Parker;

(c) That the plaintiff, Herzer, was seriously injured as the result of the negligence of the defendant, Gilbert Lee Engle.

Hudson, Hudson & Wheaton, Tulsa, for plaintiff in error.

Collins & Moore, Sapulpa, C. Lawrence Elder, Joe Francis, Tulsa, for defendant in error H. P. Herzer.

O'NEAL, Justice.

The ultimate issue here is whether the Tri-State Insurance Company under its contract of indemnity insurance with Pearl Parker, the assured, must comply with the judgment of the trial court.

On the 22nd day of November, 1951, H. P. Herzer was walking across the inter-

Judgment was rendered upon said findings in favor of the plaintiff, Herzer, against the defendant, Engle, in the amount of $5000.

Upon the question of the liability of the Tri-State Insurance Company, the garnishee, the trial court found that Pearl Parker and Gilbert Lee Engle jointly owned the Plymouth automobile at the time of the accident; that Gilbert Lee Engle's interest was a minority interest; that the officers and agents of the defendant garnishee knew that both Pearl Parker and Gilbert Lee Engle would operate the car, and that the garnishee was paid the premiums applicable for such additional coverage; that the representation of ownership made by Pearl Parker was not fraudulent, and that the garnishee failed to meet its burden of proving fraud. The court further concluded that the representation of ownership was not material to the risk involved.

Upon the foregoing findings, judgment was entered against the garnishee in the amount of $5000, its liability under its indemnity policy issued by it to Pearl Parker, covering the automobile involved in the accident. The Tri-State Insurance Company, garnishee, seeks a reversal of the judgment against it upon the ground that the judgment is both contrary to the evidence and to the law.

Hereafter, we refer to H. P. Herzer, as plaintiff, Gilbert Lee Engle, as defendant, and the Tri-State Insurance Company, as garnishee.

Upon trial of the issue of the garnishee's liability, if any, the plaintiff introduced into evidence the following: (a) the original petition in Herzer v. Engle; (b) motion for default judgment; (c) notice of motion for default judgment served on the Insurance Company and its attorneys; (d) Journal Entry of Judgment in Herzer v. Engle; (e) copy of indemnity insurance issued by garnishee to Pearl Parker, covering the automobile involved in the accident; and (f) two letters addressed to Tri-State Insurance Company, garnishee, demanding it to defend the original action.

Upon the introduction of the foregoing instruments, plaintiff rested and the defendant introduced evidence tending to establish that Pearl Parker was the grandmother of the defendant, Engle; that prior to the date of the accident involving the Plymouth automobile, Mrs. Parker had procured a public liability insurance policy from the garnishee upon a Chevrolet automobile. Mrs. Parker thereafter went to a local bank in Tulsa, and procured a loan covering the purchase price of a Plymouth automobile. She executed a note and mortgage to the bank for the amount of the loan, and requested the banker to contact the garnishee for a policy of public liability covering the Plymouth car. She advised the banker that she and her grandson, Engle, would operate the car. When this information was given the garnishee it advised the banker that Mrs. Parker would have to take out a "Class Two" policy, which would cost an additional premium. The "Class Two" policy was agreed upon and the premium paid. The titles to the Chevrolet and Plymouth cars were, at all times, in the name of Mrs. Parker, and with the exception of one payment made by Engle to his grandmother upon the purchase price of the Chevrolet car, all other payments covering the purchase of either of said cars were made by Mrs. Parker to the bank making the loans to her.

The agent and representative of the garnishee testified that the banker, in a phone call, advised him that Mrs. Parker had obtained a loan at the bank covering the purchase price of the Plymouth car and that she was the owner of the car; that she and her grandson, Gilbert Lee Engle, would operate it and requested public liability insurance coverage thereon; that upon receiving such advice the garnishee issued a "Class Two" policy covering the increased risk, and that all premiums due under the policy had been received by the garnishee prior to the accident involved.

The garnishee assumes the position that the liability policy sued upon was voidable at its option, because the policy was issued upon the representation that Mrs. Parker was the sole owner of the automobile described in the policy when in fact the automobile was owned by Gilbert Lee Engle, a minor; that the policy was issued in reli-

ance upon the truth of such representation of ownership which was material to the risk in fact and made material by the agreement of the parties.

■ We agree with the trial court's finding that the garnishee failed to establish fraud in the procurement of the policy. The evidence supports a finding that Mrs. Parker purchased both the Chevrolet and Plymouth cars; that she procured loans at a local bank to pay the purchase price of the cars; that she executed notes and mortgages to the bank and made all deferred payments thereon. The titles of the two cars were taken in her name and remained in her name during all the times involved herein. She advised the banker making the loan that she and her grandson would operate the Plymouth car and requested him to so advise the garnishee. The garnishee admits such advice was received and a "Class Two" rate policy was issued to Mrs. Parker.

The garnishee strongly urges that the case of Didlake v. Standard Insurance Company, 10 Cir., 195 F.2d 247, 251, 33 A.L.R.2d 941, is directly in point, and that under the rule there announced the present case should be reversed.

In the opinion of the Circuit Court of Appeals in the Didlake case, we find the following statement:

"We have been unable to find any Oklahoma decisions on the question, but we are of the opinion that under the facts here presented, the courts of Oklahoma would hold the false statement as to ownership was material to the risk. Accordingly, we conclude that such false statement avoided the policy."

We fully agree with the court's observation that under the facts there presented, that the Oklahoma courts would probably hold the representation made by Lathrop that he owned the car, was false, and was made with the design that the insurance company would rely upon it, and but for such false representation, the policy would not have been issued.

The Didlake case is based upon facts dissimilar to the case at bar. In that case the parties stipulated that Lathrop's representation that he was the owner of the car was false, and was known to Lathrop to be false; that Jannson was the real and actual owner of the insured car, and that Lathrop was merely "fronting" for Jannson to procure the loan for the purchase of the car.

It was further established that Lathrop did not pay the down payment, the premiums on the insurance policy, or the installment payments on the automobile as they became due at the bank. All payments were made by the minor, Jannson. The only question to be resolved was whether the misrepresentations made by Lathrop, were material to the risk involved.

The opinion of the Circuit Court of Appeals is based upon the stipulated facts of a material misrepresentation, but for which the policy would not have been written. Neither was it shown in the Didlake case that the insurance company knew and understood that the minor, Jannson, would be operating the car. These observations are sufficient to demonstrate the factual differences of the Didlake case with the case at bar and the applicable principles of law to be applied.

■ Under the Oklahoma decisions, in order for a false representation to avoid a policy of insurance, it must be material to the risk. Washington National Ins. Co. v. Bryant, 183 Okl. 90, 80 P.2d 239; United Benefit Life Ins. Co. v. Knapp (First State Bank of Talihina, Intervener), 175 Okl. 25, 51 P.2d 963, 964.

In the latter case, we said:

"In making a contract of insurance it is the duty of the person applying for insurance, upon a risk of whatever kind, to give to the insurance company all of the necessary information concerning the risk as will be of use in estimating its character and in determining whether on not to assume it. This duty is the natural outgrowth of the nature of the insurance business. Thus arises the rule that the untruth of any material representation relied on by the insurance company in making the contract will avoid the contract, wholly irrespec-

tive of the intent, whether innocent or fraudulent, with which such misrepresentation was made."

Under this rule the trial court, upon disputed questions of fact, found that Mrs. Parker made the representation of ownership of the Plymouth car in good faith believing them to be true, which finding negatives that such representation was made willfully, falsely, or in bad faith and with intent to deceive the insurer.

We further agree that as applied to the facts of the case at bar the representation of ownership was not material to the risk involved.

The findings of the trial court being supported by substantial evidence, such findings will not be disturbed upon appeal.

Judgment affirmed.