**HAWKEYE–SECURITY INSURANCE COMPANY, an Iowa Corporation, Plaintiff-Appellant,**

v.

**Russell BURDICK, Robert R. Burdick, Danny J. Swift, Robert M. Woodley, Eleanor F. Doty, Marcia J. Hatfill, Debra K. Hopkins, James D. Michaelsen, Jr., Jay W. Atterberry and Steve G. Hayes, Defendants-Appellees.**

No. 16073.

United States Court of Appeals
Seventh Circuit.

Dec. 19, 1967.

Rehearing Denied Jan. 24, 1968.

---

William J. Voelker, Jr., Roland N. Litterst, Heyl, Royster, Voelker & Allen, Peoria, Ill., for plaintiff-appellant.

Glenn J. Church, Bruce R. Becker, Smith, Whitney & Church, Peoria, Ill., for Russell Burdick, defendant-appellee.

Before KNOCH, Senior Circuit Judge, and CASTLE and FAIRCHILD, Circuit Judges.

KNOCH, Senior Circuit Judge.

The plaintiff-appellant, Hawkeye-Security Insurance Company, brought this action against its named insured, Russell Burdick, his son Robert, who was involved in an accident in which the other defendants-appellees Danny J. Swift, Robert M. Woodley, Eleanor F. Doty, Marcia J. Hatfill, Debra K. Hopkins, James D. Michaelsen, Jr., Jay W. Atterberry and Steve G. Hayes, were claimed to have suffered injury and property damage. The plaintiff sought judgment declaring the rights of the parties under the policy of insurance issued by the plaintiff.

The District Judge entered judgment on the pleadings, including affidavits, exhibits, etc., in favor of the defendants-appellees, from which the plaintiff has appealed on the ground that the District Court erred in concluding that there was no genuine issue of fact.

The plaintiff asserts that three such issues exist: (1) Who was the true owner of the 1959 Rambler station wagon involved in the accident? (2) Did the named insured Russell Burdick or someone on his behalf misrepresent or fail to disclose the true ownership of the vehicle? (3) Was such misrepresentation or failure to disclose material to the risk accepted by plaintiff?

The undisputed facts shown by the pleadings, affidavits and other documents in the case include the following: Russell Burdick is married to Ellen Burdick; they have two children: Peg, who is a student in college and Robert, aged 17, who is a high school student. Russell Burdick carried family automobile liability insurance policies with the plaintiff continuously from 1958. The defendants' exhibit 1, a printed form for Automobile Status Report, prepared by Russell Burdick in 1965, showed two automobiles and listed three drivers in the household with estimated percentages of use. Robert Burdick's name appears on this form as a member of the family. His birth date is given. He is not listed as a driver. When he reached 16 years of age, he was added as a driver as indicated by an exchange of correspondence between the plaintiff and an insurance agent, Vic Walker. Later the Burdick family acquired a 1956 or 1957 Plymouth which was driven by Robert to school and to work. This was included on the family policy until it was sold.

The affidavits and exhibits indicate that on January 30, 1966, the family had a 1966 Comet and a 1959 English Ford which were insured by plaintiff. In a telephone conversation, Mrs. Burdick asked Dorothy Kelly of the Kelly Insurance Agency (formerly the Walker Insurance Agency) to add a 1959 Rambler to the family policy, giving such requested information as the motor number, etc. She explained further that the whole family would use this third car, that it was acquired so that Robert would not have to worry about a ride home at night if his parents had the other two cars out. She said that whichever car was the last one in the drive was the car used by any family member going out. She also said that this third car was bought so that Robert could drive to school and to work, to teach him responsibility, and for the

convenience of the family. It is not disputed that she was not asked and did not say who owned the Rambler, only that it was a third car to add to the policy and that all the family members would drive it. She was not asked and did not say who would be the principal driver. No forms for a status report were submitted to the Burdicks for completion. The insurance policy was rated for Robert to drive all three cars as of January 30, 1966. On the basis of the undisputed facts no issue of a misrepresentation arises.

The title to the Rambler was placed in Russell Burdick's name. He paid for the car with his check drawn on the Herget National Bank. The funds came from a loan which Mrs. Burdick secured from the Herget National Bank on her signature. Her son Robert was to make installment payments on his mother's loan.

On February 11, 1966, the accident occurred out of which this cause arose. Two suits were filed against Robert and others in the State court. In April, 1966, the plaintiff wrote the Kelly Insurance Agency that plaintiff was excluding Robert from coverage effective February 12, 1966, the day after the accident. The premium was retained as earned up to and including the day of the accident.

Robert used the Rambler about 50% of the time on permission of his parents to each specific use. His sister Peg used it when she was home from college. His father stated that he used the Rambler more than the Comet except when on vacation. Peg had an accident in the Rambler a week after Robert's accident and the plaintiff settled all claims arising out of that accident.

The District Court decided that the policy was issued for the whole family to drive the Rambler and dismissed the complaint which sought to declare the policy void as endorsed to cover the Rambler.

The policy in question covers the named insured and residents of his household and other persons using the covered automobiles with his permission. The coverage includes liability arising out of ownership, maintenance or use of the automobiles.

No intent to deceive the insurance company can be inferred from the undisputed facts. The information was given that the whole family would drive the new third automobile, the Rambler. In any event, title was in the named insured who paid for the car. The funds were secured by a loan to his wife who remained responsible for its repayment. The fact that the son agreed to and did make payments on that loan does not bring this case within the limits of cases like Didlake v. Standard Ins. Co., 10 Cir., 1952, 195 F.2d 247, on which the plaintiff relies. In *Didlake*, the named insured was merely a "front man" for the real owner who was never listed as even a driver. The named insured had no financial interest in the car and no intention of using it. He did not even pay the premium on the insurance policy. Cf. Milbank Mutual Ins. Co. v. Wentz, 8 Cir., 1965, 352 F.2d 592, where the son was in process of reimbursing the named insured, his father for the purchase price while the father retained legal title, the right to use the automobile, and the immediate right of control, as here.

The Burdicks were never asked about principal use or ownership of the Rambler, nor was an Automobile Status Report form submitted for them to complete as to percentages of use. Plaintiff contends that to suggest that plaintiff was negligent raises a new defense for the first time on appeal. We do not view the absence of inquiry as reflecting on the negligence of the plaintiff, but only with reference to the absence of any duty of the insured to engage in surmise as to such details as might be desired by the insurer, and to volunteer them without being asked. See 8 Couch on Insurance, 44–45 (1961 ed.) § 37.439.

The Burdicks paid the premium requested which was retained for the period through the date of the accident. The plaintiff always charged an additional premium to cover operation of the family cars by the young son Robert.

We have considered all the cases and points raised by the plaintiff, but agree with the District Judge that there were no genuine material issues of fact. The judgment of the District Court is affirmed.

Affirmed.