Hillsborough
No. 5974

MERCHANTS MUTUAL INSURANCE COMPANY

v.

RAYMOND SIMONEAU & a.

November 30, 1973

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly (Mr. Kelly* orally) for the plaintiff.

*Leon Aronson,* of Massachusetts, and *Smith, Welts & Currier* and *Richard E. Boyer (Mr. Boyer* orally) for defendants Gromada, administratrix, and Dyer, administrator.

*Leo R. Lesieur* for defendants Simoneau and Gerard Hegarty filed no brief.

*Velishka and Kozlowski* for the defendant James Hegarty filed no brief.

*Normand R. Pelletier* for Marcel A. DePontbriand, administrator of estate of Denis DePontbriand, filed no brief.

DUNCAN, J. By this petition for declaratory judgment (RSA 491:22), the plaintiff insurer seeks a decree that it is not obligated to defend actions for personal injury and for wrongful death or satisfy any judgments arising out of a 1966 accident involving an automobile insured by the company under a policy issued to the defendant Simoneau. The defendant Gerard Hegarty was operating the automobile when the accident occurred. The Superior Court (*Dunfey*, J.), after trial without jury, ruled that the plaintiff is obligated to defend the pending law actions, and reserved and transferred plaintiff's exceptions to evidentiary rulings, to the denial of certain requests for findings and rulings, and to the denial of its motion to set aside the findings, rulings and decree as against the law and evidence and the weight of the evidence.

The issue in this case is whether the liability insurance in question was issued in reliance upon fraudulent misrepresentation by the defendants Simoneau and Gerard Hegarty that the 1960 Chevrolet in question was owned by Simoneau. The plaintiff argues that the arrangement between Simoneau and the then minor Gerard Hegarty was such that Hegarty was the owner of the automobile.

Simoneau operated two bowling alleys where Hegarty and other minors worked part-time. Coverage of the Chevrolet was provided by endorsement of a policy held by Simoneau covering several other vehicles registered in his name. The automobile was purchased in part with a trade-in allowance for a motorcycle that had been used extensively by Hegarty. The cost of this motorcycle was being paid by Hegarty in installments to Simoneau, the registered owner. After the trade, Hegarty made several payments to Simoneau on account of the purchase price of the automobile and the cost of insurance premiums, registration and repairs. There was evidence that at the time of the accident Hegarty had

paid more than one-half of the total expense of some seven hundred odd dollars. That Simoneau was the title and registered owner, paid for the car, insurance, registration, fuel and repairs, all on an oral reimbursement agreement, is not questioned by the plaintiff.

The trial court found that when renewal of the policy was obtained Simoneau had made the "essential disclosures" to the plaintiff and had not concealed "material data" in his communications, that the "plaintiff's agent took it upon herself not to inquire further concerning whether Hegarty would be the principal operator of the automobile", that "the information furnished by Simoneau was binding on the plaintiff" and that there had been no fraud.

The plaintiff argues that the decree is inconsistent with findings that "Simoneau purchased the vehicle with the express intention of buying it for Hegarty, ... although Simoneau would use [it] from time to time" and that "Simoneau did not inform the agent that he [Simoneau] would be reimbursed for premium payments" and ultimately for the cost of the car. However the further findings that after disclosure by Simoneau that Hegarty would operate the Chevrolet, the plaintiff's agent herself "foreclosed any further inquiry" into the nature and extent of this use, and that the facts were not concealed by Simoneau, furnish adequate basis for the ruling that there was coverage. It further appeared that Hegarty's use of the Chevrolet had previously been disclosed to the plaintiff through Hegarty's report of an earlier accident in which he had been involved.

The general rule applicable to the case before us is stated in 8 G. Couch, Insurance § 37.439 (1961), as follows: "In the absence of inquiry, or of some contract requirement, the insured is not obligated ... to disclose the exact state of his interest in, or title to, the property insured, provided there is no such intentional concealment or misrepresentation as is fraudulent, material, and prejudicial to the insurer. So, an applicant for insurance may properly describe the property insured as belonging to him, if he has an insurable interest therein, unless some inquiry is made by the insurer which will render such answer a false warranty or a misrepresenta-

tion, or unless the title thereto is made material by securing deferred premium or deposit notes thereon, or otherwise." 8 G. Couch, Insurance § 37.439 (1961) (citations omitted); *see Howe v. Howe,* 87 N.H. 338, 179 A. 362 (1935).

The rule was applied in *Hawkeye-Security Ins. Co. v. Burdick,* 388 F.2d 205 (7th Cir. 1967), where the insurer sought to avoid coverage on the theory that the son, rather than the named-insured father, was the actual owner of the car in question, thus altering the risk. The mother, who had arranged for the insurance coverage, "was not asked and did not say who would be the principal driver." *Id.* at 207. In denying the relief sought the court held that there is "no duty of the insured to engage in surmise as to such details as might be asked by the insurer, and to volunteer them without being asked." *Id.*

The court distinguished *Didlake v. Standard Ins. Co.,* 195 F.2d 247 (10th Cir. 1952), a case relied upon by the plaintiff in the case at bar. In *Didlake* the parties stipulated that the arrangement for insurance had been designed to obscure the facts from the insurer, and the court found the misrepresentation sufficient ground for avoiding the policy. In *Burdick* the court pointed out that no intent to deceive had been found by the trial court in the case before it. To the same effect *see Milbank Mutual Ins. Co. v. Wentz,* 352 F.2d 592 (8th Cir. 1965); *General Ins. Co. v. Western Fire & Cas. Co.,* 241 F.2d 289 (5th Cir. 1957).

In the case before us, since the trial court found that Simoneau had an insurable interest in the car, had made all necessary disclosures in regard to ownership and operation, and had consented to Hegarty's use, the ruling that Hegarty was covered under the omnibus clause of the policy was warranted. The fact that Simoneau also used the car serves, among other things, to distinguish this case from *Merchants Cas. Co. v. Pinard,* 87 N.H. 473, 183 A. 36 (1936).

In the course of the trial statements given by Hegarty and Simoneau to the plaintiff's adjuster were marked for identification. Subsequently the plaintiff's motion that the statements be admitted as exhibits was denied subject to exception. It appears that the substance of the statements was placed in

the record in the course of examination of the witnesses. In the circumstances the trial court's ruling was well within its discretion. *See Cousins v. Roy,* 96 N.H. 126, 71 A.2d 416 (1950).

The plaintiff's contention, first advanced in this court, that the testimony of the defendants Hegarty and Simoneau was incredible as a matter of law cannot be adopted. Reliance is placed upon inconsistencies in their testimony, and between testimony on the witness stand and the extrajudicial statements made to the adjuster. These are matters ordinarily left to the trier of the facts for resolution. *Employer's Assurance Co. v. Sweatt,* 95 N.H. 31, 34, 57 A.2d 157, 159-60 (1948); *Gerrish v. Wishbone Farm,* 108 N.H. 237, 239, 231 A.2d 622, 624 (1967). Considerations present in cases such as *Hebert v. Railroad,* 90 N.H. 324, 8 A.2d 744 (1939), which the plaintiff relies upon, are not present in the case at bar which is governed by the usual rule. *Gilliam v. Waltsons Corporation,* 105 N.H. 373, 201 A.2d 107 (1964); *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 418, 213 A.2d 692, 696 (1965).

*Exceptions overruled.*

All concurred.