JACOB BARSUK, Respondent, v. INDEPENDENCE INDEMNITY COMPANY, Appellant.*

Fourth Department, June 29, 1932.

*Frank Gibbons*, for the appellant.

*Benjamin J. Farber*, for the respondent.

PER CURIAM. This action is brought to recover upon a policy of insurance which the complaint alleges was issued and delivered to one Rose Gart covering the use and operation of a certain Hupmobile, and which by its terms insured " the said Rose Gart and/or any person or persons riding in or legally operating the aforementioned automobile with the permission of said Rose Gart,

against loss arising out of liability resulting from accidental bodily injury or accidental damage to property, caused by the use of said automobile and occurring while said policy was in force." While the plaintiff was driving the insured car with the owner's consent an accident occurred, and judgments have been entered against the plaintiff because of his negligent operation of said car. Plaintiff has not paid these judgments, and he alleges in his complaint that he is bankrupt, and unable so to do. The decision of this motion depends upon the construction which should be given to the policy: Is it a contract of indemnity against liability, giving to the insured a right of action upon the policy as soon as final judgment has been rendered against him, or must he show actual loss or payment of the judgment before he is entitled to recover?

The policy is not attached to the complaint, and its terms are not stated in the pleading, except as above indicated. What the defendant agreed to do is not set forth, except its promise to insure the owner of the car and any one riding in or legally operating it with her knowledge or consent against loss arising out of any liability for personal injury or property damage caused by the use of the insured car. There is no affirmative allegation that the defendant agreed to defend any action brought against the insured.

In this respect the case differs materially from *Juszkiewicz* v. *New Jersey Fidelity & Plate Glass Ins. Co.* (210 App. Div. 675) and *Matter of Empire State Surety Co.* (214 N. Y. 553), in which cases the policies of insurance were introduced in evidence, and the duty and liability of the insurance company were clearly set forth.

So far as the allegations of the complaint are concerned, this policy is clearly one of indemnity against loss suffered by the insured, and as he has never paid either of the judgments which have been entered against him because of his negligent operation of the insured car, and is unable to pay such judgments, he has suffered no loss. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271, 275.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of the costs of the motion and of this appeal.