WILLIAM FERTIG, Plaintiff, *v.* GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, July 18, 1939.

*Armende Lesser*, for the plaintiff.

*Edward M. Fuller*, for the defendant.

GENUNG, J.   This action is for legal expenses allegedly incurred by the plaintiff in the defense of a negligence action against him. The plaintiff asserts that he is an additional assured under a so-called omnibus clause in an automobile liability policy issued by the defendant to the plaintiff's employer.   The answer is a general denial with a separate and distinct defense which alleges that the policy was issued subject to an indorsement known as an employers' non-ownership liability indorsement and that by virtue of the terms of this indorsement, as read with the terms of the policy, coverage is not provided for the plaintiff.   Annexed to and made a part of the answer is the policy and indorsement in question.

Both the plaintiff and the defendant have moved for summary judgment.   The insurance policy issued by the defendant to William L. Blumberg Co., Inc., is without dispute a part of the pleadings and is before the court.   Rule 113 of the Rules of Civil Practice permits determination on a motion for summary judgment upon the pleadings and not upon the complaint alone.   (*Germini* v. *New York Central R. R. Co.*, 209 App. Div. 442, 447.)

As appears from the pleadings, William L. Blumberg Co., Inc., is in the hardware business.   Among its salesmen is William Fertig, the plaintiff.   Fertig owns and operates an automobile. The car was involved in an accident while being operated by Fertig and an injured party brought suit against both Fertig and William L. Blumberg Co., Inc., alleging that the relationship of *respondeat superior* existed between the two.   The insurance company declined

to defend Fertig but defended only William L. Blumberg Co., Inc. Blumberg denies that Fertig was its employee at the time of the accident and asserts that he was an independent contractor over whom Blumberg had no control. Fertig insists that he was an employee subject to Blumberg's constant direction and control.

Blumberg applied for and received from the General Accident Fire and Life Assurance Corporation a policy of contingent liability insurance to protect its interests with respect to such liability as might be imposed on it on account of the negligence of its salesmen in operating their own cars in the course of the day's business. The policy does not cover cars owned by William L. Blumberg Co., Inc.

The pertinent portions of the policy are as follows:

" GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, OF PERTH, SCOTLAND

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

" DOES HEREBY AGREE with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and of the statements contained in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

" INSURING AGREEMENTS

" I. COVERAGE A — BODILY INJURY LIABILITY

" To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages    \*    \*    \*    arising out of the ownership, maintenance or use of the automobile."

" II. DEFENSE,    SETTLEMENT,    SUPPLEMENTARY PAYMENTS.

" It is further agreed that as respects insurance afforded by this policy the corporation shall

" (a) defend in his name and behalf any suit against the insured alleging such injury    \*    \*    \*."

" III. DEFINITION OF ' INSURED.'

" The unqualified word ' insured ' wherever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile    \*    \*    \*    and provided further that the actual use is with the permission of the named insured."

" EXCLUSIONS

" 7. ACTION AGAINST CORPORATION. No action shall lie against the corporation unless, as a condition precedent thereto,

the insured shall have fully complied with all the conditions hereof, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the corporation."

The declaration of the policy contain two items which are pertinent to these provisions.

Item 3, " Description of the automobile," contains a space for the name and description of motor vehicles. In item 3 has been typed " AS PER SCHEDULE ATTACHED."

Item 6 states: " The named insured is the sole owner of the automobile, except as herein stated," and there are typed the words " As per Endorsement attached."

Affixed to and made a part of the policy is an indorsement reading in part as follows:

### " EMPLOYERS' NON-OWNERSHIP LIABILITY

" It is agreed that such insurance as is afforded the named insured by the policy * * * applies with respect to automobiles not owned by the named insured, subject to the following provisions:

" 1. Application of Insurance. The insurance applies only to the use, by any person named in the schedule forming a part hereof, of any automobile * * * in the business of the named insured as expressed in the declarations * * *.

" 2. Exclusions. The policy does not apply:

" (1) To any automobile owned in full or in part by, or registered in the name of, or hired by the named insured or a partner thereof if the named insured is a partnership."

There follows a list of names together with addresses for each and a premium charge designated as advance premiums. The premium charge listed beside the name of William Fertig, whose address is given as " New York, New York," totals twenty-nine dollars.

In opposition to the motion made by the plaintiff for summary judgment the defendant contends:

1. That the indorsement supersedes the omnibus clause in the policy.

2. That the parties to the insurance contract did not intend to provide coverage to other than the named insured, William L. Blumberg Co., Inc.

3. That the plaintiff's action is premature in view of clause 7 of the policy, quoted above, which specifically prohibits an action against the corporation until the conditions precedent named therein have been made.

The defendant points out that the omnibus clause is operative only when the word " insured," as used in the policy, is *unqualified* and it asserts that the indorsement, which forms a part of the policy, qualifies the word " insured " to restrict the coverage to the *named insured only* with respect to the operation of automobiles not owned by the named insured. It argues that since the policy does not, in itself, provide any specified car coverage, the non-ownership indorsement must determine the scope of the coverage.

The defendant further argues that the premium charged for non-ownership liability insurance, because it is intended to protect only the interests of the named insured and not the interests of the owner of the vehicle, is written at a very much lower rate than would otherwise prevail. The defendant asserts that its rates provide for a permium of $106 for the year July 1, 1937, to July 1, 1938, to cover an automobile operated in the territory assigned to Fertig in the indorsement, whereas the advance premium of twenty-nine dollars charged Blumberg for its contingent liability with respect to Fertig's automobile is less than one-third of the full coverage charged.

The question of premium charge in matters of coverage has been given weight by the courts and is proper evidence to be adduced in such a case. " A similar policy as the one issued in the name of Anderson Lumber Company would have been issued in the name of plaintiff without any greater charge." (*Ocean Accident* v. *Bear*, 125 So. 676.)

Defendant has shown such facts as may be deemed to entitle it to defend. (*General Investment Co.* v. *Interborough R. T. Co.*, 200 App. Div. 794.) Its defense is fairly arguable and of a substantial character (*Dwan* v. *Massarene*, 199 App. Div. 872) and shows triable issues (*Hilbring* v. *Mooney*, 130 Misc. 273).

The plaintiff's motion for summary judgment must be denied.

There remains the motion made by the defendant for summary judgment dismissing the complaint. In support of it the defendant urges:

1. That plaintiff has no capacity to sue.

2. The complaint fails to state facts sufficient to constitute a cause of action in that

a. Plaintiff does not allege that he has conformed to all the conditions of the policy.

b. The amount sued for is undetermined and unliquidated.

3. The action is premature, unauthorized and prohibited by virtue of paragraph 7 of the policy.

4. The additional assured clause of the policy contract not only is eliminated by the terms of the superseding indorsement but does not extend to the plaintiff in any event.

There seems to be no privity between the plaintiff and the two parties to the insurance contract. The premium was paid by the named assured and no contribution to it was made by Fertig. The papers reveal that the parties to the contract did not intend to cover any cars owned by William L. Blumberg Co., Inc., but only to protect Blumberg Company and no other. While a third party may recover in certain circumstances upon a contract made by others for his benefit (*Seaver* v. *Ransom*, 224 N. Y. 233), yet to give a third party, who may derive a benefit from the performance of the promise, an action, there must be, first, an intent by the promise to secure some benefit to the third party. (*Vrooman* v. *Turner*, 69 N. Y. 280; *Skinner Bros. Mfg. Co., Inc.*, v. *Shevlin E. Co., Inc.*, 231 App. Div. 656, 658.)

There is no statutory assistance to the plaintiff. By section 109 of the Insurance Law an injured person is given a right of action direct against the carrier, but this action is exclusively vested, by the terms of the statute, in an injured person and by authority of *Jackson* v. *Citizens Casualty Co.* (277 N. Y. 385) is available to no other.

As to the second ground for dismissal, that the complaint fails to state facts sufficient to constitute a cause of action, defendant argues that the complaint is fatally defective and states a mere conclusion in that it does not enable the court to decide that plaintiff has performed all the conditions of the contract on his part to be performed. Such a complaint must be dismissed. (*Town of Potsdam* v. *Ætna Cas. & Sur. Co.*, 218 App. Div. 27.) Furthermore, the complaint alleges only that plaintiff sues for " legal expenses in the sum of $500.00 incurred by the plaintiff." In the absence of an allegation as to the reasonable value of these services or an allegation that the plaintiff has become obligated to pay it, the complaint must be dismissed for plaintiff has alleged no loss for which he is entitled to be indemnified. (*Barsuk* v. *Independence Indemnity Co.*, 236 App. Div. 162, 163; *Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271, 275.) In the *Barsuk* case the plaintiff claimed coverage under an omnibus clause of an automobile liability policy.

It is settled law that any defense available an insurer as against its insured is available against any other claiming under the policy. (*Schoenfeld* v. *New Jersey Fid. & P. G. Ins. Co.*, 203 App. Div. 796.) Accordingly, there is merit to the defendant's contention that paragraph 7 of the policy warrants dismissal of the complaint as a violation of the very terms of the contract. It has been said that one who is not a party to a contract, but for whose protection the policy provides, stands only upon the terms of the contract. (*Adams* v. *Maryland Casualty Co.*, 162 Miss. 237; 139 So. 453.)

We pass on from consideration of these grounds for a dismissal of the complaint as upon these grounds alone the dismissal might well not be upon the merits but with permission to amend. (*Barsuk* v. *Independence Indemnity Co.*, 236 App. Div. 162.) The real point at issue is the assertion by the defendant that the additional assured clause of the policy is eliminated by the terms of the indorsement and does not extend to Fertig in any event.

In writing the non-ownership coverage as requested by its assured, the insurance company utilized a so-called standard form automobile policy, to which was affixed the employers' non-ownership liability indorsement. This indorsement, by its terms, extends the ordinary coverage of the standard policy to automobiles *not owned* by the assured. In thus defining and qualifying the protection, the word " insured " as used in coverages A and B of the insuring agreement is qualified in that non-ownership liability is provided only for the named insured. The indorsement lists the names of those employees, agents or representatives who are known to use private cars occasionally while selling the product of the named insured. Thus, cars owned by the named insured specifically are eliminated from coverage under the entire contract and as we have said, the non-ownership indorsement must determine the scope of the coverage under the policy.

By its terms the additional insured clause is operative only when the word " insured " is unqualified. The superseding indorsement qualifies the coverage to automobiles not owned by the assured and extends such protection to the *named insured only*. This is a qualification sufficient to eliminate the clause.

Sunderlin, in his book on Automobile Insurance, at section 927 writes: " The qualified term ' named insured ' shall apply only to the assured *named* in the policy." (Italics supplied.)

Furthermore, by the terms of the " Definition of ' Insured,' " coverage applies to the additional assured only when the use of the car is with the permission of the named insured. This question has twice been passed upon by other jurisdictions but apparently has not yet been brought up in New York.

In *Whitney* v. *Employers Indemnity Corp.* (200 Iowa, 25; 202 N. W. 236), an Iowa decision, the question was decided in favor of the insurance company. It was there held, as the defendant here urges, that the omnibus clause, to be operative, depends upon permissive use of the car; that since the legal title was in the owner of the car, who could use his car regardless of the named assured's permission, such owner could not invoke the additional insured clause of his employer's policy. The court wrote: " Plaintiff says that Fenlon [the additional assured] was operating the car with the consent, either expressed or implied, of the grocery company

[the named assured]. To successfully maintain this contention, the grocery company's relation to said car must be shown to be such that they were in a position to give their consent * * *. If the grocery company was the owner of the car at the time, it could have given the consent required by the omnibus clause L. If it was not the owner, then, of course, the omnibus clause L would not operate * * *. Plaintiff, therefore, showed no cause of action against the defendant herein." (Matter in brackets ours.) Likewise in New Jersey the same proposition was decided in the same manner. (*Giroud* v. *N. J. Manufacturers Casualty Ins. Co.*, 106 N. J. L. 238; 148 A. 790.) There, the named assured obtained a liability policy covering the truck of a contractor who was engaged in performing a task for the named assured. The truck was involved in an accident and upon the trial of the negligence action it was determined that the named assured was not liable in view of the relationship of independent contractor. A judgment, however, was recovered against the owner of the truck and the injured party then sued the contingent liability insurance carrier, asserting that the omnibus clause of the policy covered the owner of the truck. The court held for the defendant and reasoned that the legal title for the truck being in its owner and not in the named assured, the owner could use his truck regardless of the named assured's permission, and that the terms of the policy had not been met. The terms of the clause in that policy were similar with respect to the permissive use as those here at issue. In the *Giroud* case the court stated that consent meant " to yield when one has the right, power, or will not to do so."

By a parity of reasoning, the defendant here urges that this court should follow the logic expressed by the courts of these sister States.

The defendant urges another point in support of its argument that Fertig is not covered under the policy, whether or not he is an additional assured. Defendant points out that condition 2 of the indorsement specifically excludes coverage to any automobile owned in full or in part by the insured. It reads:

" Exclusions. The policy does not apply:

"(1) To any automobile owned in full or in part by, or registered in the name of, or hired by the named insured."

Assuming, therefore, that the plaintiff Fertig *is* an additional insured under the policy, he is covered only as respects the use of any automobile not owned by him. It is undisputed that the automobile which he was operating at the time of the accident belonged to him.

Accordingly, the motion of the plaintiff for summary judgment is denied and the motion of the defendant for summary judgment dismissing the complaint is granted.