EVELYN CONGDON, Plaintiff, *v.* ONEIDA COUNTY GRANGE CO-OPERA-TIVE FIRE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Oneida County, June 26, 1952.

*Irving M. Basloe* for plaintiff.

*Abbott & Grow* for defendant.

RINGROSE, J. This is a motion by the plaintiff under rule 122 of the Rules of Civil Practice for an order permitting the examination before trial of the defendant for the purpose of framing a complaint.

The action was commenced by the service of a summons. It is averred in the moving affidavits that the cause of action is based upon a fire insurance policy issued by the defendant to Alex Hannus, which contained a clause providing in substance that the policy insured the said Alex Hannus and any member, guest or servant of the Alex Hannus family, against all direct loss by fire to an amount not exceeding $2,000. The property covered was contained in a three-story frame dwelling owned by the insured and located in the town of Florence, County of Oneida, New York.

Plaintiff claims that she had a quantity of personal property in the house, and that as housekeeper, servant or guest of the insured, the property was covered by the terms of the policy. A fire occurred on December 31, 1950, which destroyed the property of the insured and of the plaintiff.

Essential to the granting of the motion is a demonstration that the plaintiff has a meritorious cause of action. (*Ashton* v. *Baker Mfg. Corp.,* 206 App. Div. 343, 344; *Kenerson* v. *Davis,* 278 App. Div. 482.)

Assuming for the purpose of this motion, the truth of the facts averred in the moving affidavit, and giving plaintiff the benefit of the inferences to be drawn therefrom most favorable to her, it, nevertheless, affirmatively appears that no privity of estate exists which is essential to her cause of action against this defendant. (*Ultramares Corp.* v. *Touche,* 255 N. Y. 170.)

Although the facts in the action before the court in the *Ultramares Corporation* case were wholly dissimilar, the element of privity was interposed in respect to which the court said (pp. 180–181, CARDOZO, Ch. J.): " The assault upon the citadel of privity is proceeding in these days apace. How far the inroads shall extend is now a favorite subject of juridical discussion. (Williston, Liability for Honest Misrepresentation, 24 Harv. L. Rev. 415, 433; Bohlen, Studies in the Law of Torts, pp. 150, 151; Bohlen, Misrepresentation as Deceit, Negligence or Warranty, 42 Harv. L. Rev. 733; Smith, Liability for Negligent Language, 14 Harv. L. Rev. 184; Green, Judge and Jury, chapter Deceit, p. 280; 16 Va. Law Rev. 749). In the field of the law of contract there has been a gradual widening of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268), until today the beneficiary of a promise, clearly designated as such, is seldom left without a remedy (*Seaver* v. *Ransom,* 224 N. Y. 233, 238). Even in that field, however, the remedy is narrower where the beneficiaries of the promise are indeterminate or general. Something more must then appear than an intention that the promise shall redound to the benefit of the public or to that of a class of indefinite extension. *The promise must be such as to ' bespeak the assumption of a duty to make reparation directly tọ the individual members of the public if the benefit is lost ' (Moch Co.* v. *Rensselaer Water Co.,* 247 N. Y. 160, 164; American Law Institute, Restatement of the Law of Contracts, § 145)." (Italics added.)

It is settled law that " Insurance is a mere personal contract to pay a sum of money by way of indemnity to protect the interest of the insured. (*Cromwell* v. *Brooklyn Fire Ins. Co.,* 44 N. Y. 42, 47; *City of Norwich,* 118 U. S. 468, 504, 505.)" (*Brownell* v. *Board of Educ.,* 239 N. Y. 369, 374. Also, see, *City of Utica* v. *Park-Mill Corp.,* 41 N. Y. S. 2d 248, 252, and *McManus* v. *Western Assur. Co.,* 22 Misc. 269, affd. 43 App. Div. 550, affd. 167 N. Y. 602.)

The authority last cited involved a policy of fire insurance containing provisions similar to those claimed by the plaintiff to have been contained in the policy issued by this defendant to Hannus. The court said (22 Misc. 278–279): " The action seems to be properly brought in the name of the insured alone for the entire loss. The policy in effect recognizes her as taking the insurance not only for herself individually, but as trustee for the members of her household; and this enables her to recover the entire loss. Stillwell v. Staples, 19 N. Y. 401; Waring v. Indemnity Co., 45 N. Y. 606."

The plaintiff's cause of action, if any, is manifestly against the insured and not this defendant.

Motion should be denied, with costs.

Ordered accordingly.