Murray T. Feiden, J.
Defendant moves to dismiss the complaint for insufficiency, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. Plaintiff alleges in substance that on April 26,1955, while he was an employee of Gimbel Bros., Inc., he was riding in a vehicle which his employer had rented from defendant, the owner thereof. At the time of the accident the vehicle was being operated hv a fellow employee of plaintiff. *967 A collision with another car occurred, in consequence of which plaintiff sustained serious personal injuries.
Plaintiff sues on the theory of being a beneficiary of the rental contract. He pleads that that contract obligated defendant to secure and maintain liability insurance covering persons in plaintiff’s position. The pertinent clause is: “ 9. Lessor shall keep said cars insured against liability for personal injuries caused by any vehicle rented herein or its operation ”.
However, the foregoing agreement was not intended to include any individual to whom the contracting parties owed no duty in this respect. Nor was it designed to afford protection already enjoyed by the parties without such provision. The limit of protection to which plaintiff was entitled as an employee was furnished by his employer’s compensation policy. Since the holdings in Naso v. Lafata (4 N Y 2d 585) and Rauch v. Jones (4 N Y 2d 592), the negligence of the operator of a vehicle resulting in injuries to a fellow employee is not imputable to the owner of the vehicle. The exclusive remedy in that situation is the one prescribed in the Workmen’s Compensation Law. The limit of protection required by defendant for its own purposes was that stipulated in its own policy of liability insurance.
It is true, as held in Lauritano v. American Fid. Fire Ins. Co. (3 A D 2d 564, affd. 4 N Y 2d 1028) that a liability insurance policy is no longer regarded as the exclusive concern of the insured and the insurer. But that rule is applicable only where there exists an obligation to a third party, and was not intended to expand the scope of liability. In the case cited, plaintiff had in the first instance established legal liability for negligence by procuring a judgment against defendant’s assured.
Before a plaintiff may claim the status of a third-party beneficiary, it is incumbent upon him to show a pre-existing obligation or duty to him. This is the classic rule of Lawrence v. Fox (20 N. Y. 268) as expounded in the later decisions. (See Todd v. Weber, 95 N. Y. 181; Smyth v. City of New York, 203 N. Y. 106; Seaver v. Ransom, 224 N. Y. 233.)
Plaintiff makes the further point that perhaps his employer desired to secure for its employees greater protection than that afforded by law through the medium of compensation, and that he is entitled to an opportunity to prove this upon a trial. If such unusual protection had been intended, the agreement would have used precise language directed to that end. There is no apparent reason why this particular defendant should be viewed as having intended such extraordinary protection in the absence of clear phraseology to that effect. The court will not assume that defendant agreed to assume a burden beyond what the law *968 required of it. It surely may not be inferred that the parties contemplated providing protection to cover situations wherein the law imposed no liability.
Should it be assumed arguendo that plaintiff might be regarded as a third-party beneficiary of the contract and that defendant failed to procure liability insurance, plaintiff would still fall short of pleading a cause of action. There is no allegation of damages resulting from the alleged failure to have 1 £ the said cars insured against liability for personal injuries. ’ ’
Section 46 of the Insurance Law, defining the kinds of insurance authorized to be issued by insurance companies in this State, declares :
“13. ‘ Personal injury liability insurance, ’ meaning insurance against legal liability of the insured,, and against loss, damage or expense incident to a claim of such liability.” (Italics supplied.)
“19. ‘ Motor vehicle and aircraft insurance, ’ meaning insurance against:
“ (b) legal liability of the insured, and against loss, damage or expense incident to a claim of such liability”. (Italics supplied.)
Similarly, Vehicle and Traffic Law (art. 6-A, § 94-q) provides:
“ Motor vehicle liability policy
“ (a) A 6 motor vehicle liability policy ’ as said term is used in this article shall mean an owner’s or an operator’s policy of liability insurance * * *.
“ (b) Such owner’s policy of liability insurance * * *
“ (3) Shall insure the insured or such other person against loss from the liability imposed by law for damages, including damages for care and loss of services, because of bodily injury to * * * or destruction of property arising out of the ownership, maintenance, use, or operation of such motor vehicle or motor vehicles within the state of New York”. (Italics supplied.)
Plaintiff cites Stewart & Co. v. Law (149 Tex. 392) for the holding therein that plaintiff could be deemed the beneficiary of a third-party contract. Although a divided court apparently so held, it is interesting to note that plaintiff there brought suit against the subcontractor and after the resulting judgment proved uncollectible, he proceeded against the party who had contracted to provide insurance. The court also observed that defendant by his own interpretation had admitted breach of the contract under review.
*969 Ward v. Metropolitan Distrs. (47 N. Y. S. 2d 866, affd. 268 App. Div. 994) and Barsitk v. Independence Ind. Co. (236 App. Div. 162), also cited by plaintiff, have no application to the instant motion.
Accordingly, the motion to dismiss the complaint is granted. Settle order.