**AERO ASSOCIATES, INC., Plaintiff,**

v.

**LA METROPOLITANA, Compania Nacional De Seguros, S.A. (Havana, Cuba); La Alianza, Compania Nacional De Seguros, S.A. (Havana, Cuba); Compania Anonima De Seguros "Avila" (Caracas, Venezuela); Sociedad Panamericana De Seguros, S.A. (Havana, Cuba); and Compania Nacional De Seguros, San Rafael, C. por A., (Ciudad Trujillo, Dominican Republic), Defendants.**

United States District Court
S. D. New York.
May 11, 1960.

Watters & Donovan, New York City, for plaintiff (James B. Donovan, Thomas A. Harnett, New York City, of counsel).

Royall, Koegel, Harris & Caskey, New York City, for defendants (Frederick W. P. Lorenzen and Donald J. Nugent, New York City, of counsel).

MURPHY, District Judge.

Defendants, by motion before answer, raise three questions relating to jurisdiction, viz., (1) whether personal jurisdiction was acquired of them pursuant to § 59–a of the Insurance Law of the State of New York; (2) whether the court lacks jurisdiction of the subject matter because of an arbitration agreement existing between the parties, and (3) whether there is a failure to join indispensable parties defendant.

The complaint, alleging diversity jurisdiction, states that on December 31, 1957, defendants, all Latin-American corpora-

tions acting as a reinsurance group with the title Latin-American Pool, executed and delivered to plaintiff in New York a memorandum of insurance whereby defendants agreed to reinsure plaintiff on "Aviation Hull and Liability Insurance on a stated quota share basis, with terms and conditions to follow Underwriters at Lloyds quota share reinsurance, for the period of one year effective midnight, January 1, 1958." It is alleged that defendants have refused to pay their share of the losses.

Plaintiff is a New York corporation and was acting as manager for three disclosed insurance company principals, viz., a British, Swiss and New Jersey company, all of whom were authorized to do business in New York.

Process was served by serving the Deputy Superintendent of Insurance of New York purportedly pursuant to the provisions of § 59–a of the New York Insurance Law, and copies of the summons and complaint were thereafter sent by registered mail, return receipt requested, to each defendant at its last known address. No "return receipts" were ever received, but on September 9, 1959, plaintiff's attorneys sent five "inquiry statements" which were forwarded to the Registry Division of the United States Post Office. Thereafter the United States Post Office advised plaintiff's attorneys that there was delivery made of the said registered mail to defendants. These Post Office advices were filed in this court in lieu of the return receipts pursuant to the "other official proof of delivery" required by § 59–a, subd. 2(d) of the New York Insurance Law.

■ Defendants' first objection is two-pronged. It is argued that since no return receipts were filed the statute was not complied with. This objection we think captious. The statutory requirement aims at fair notice and a circumstantial guarantee of that notice, which we hold was satisfied by the postal advices that were filed since they come clearly within the contemplation of "other official proof of delivery" set forth in the statute. § 59–a, subd. 2(d).

■■ Defendants' other objection to the service of process is to the effect that the statute applies only to New York residents and since the third-party beneficiaries of plaintiff's contract, viz., the disclosed principals, are all foreign corporations § 59–a does not apply to them.

Certain it is that the primary objective of the legislation was to protect New York residents but the statute went further and encompassed those corporations authorized to do business in New York. Section 59–a, subdivision 2(a) (1) provides: "The issuance or delivery of contracts of insurance to residents of this state · or corporations authorized to do business therein * * * is equivalent to and shall constitute an appointment by [an unauthorized foreign or alien insurer] of the superintendent and his successor in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and * * shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer."

Whether plaintiff's principals are to be treated as insureds or beneficiaries of the insurance policy issued to plaintiff, the result is the same. The contract was executed and delivered in New York by defendants' New York broker to plaintiff, a New York corporation, for the benefit of three corporations authorized to do business in New York. Concededly, it may not be said to be unreasonable or inconvenient to a foreign or alien corporation not authorized to do business here to require it to defend an action in this state on a policy issued here by such defendant, instituted by a resident or domestic corporation (Ace Grain Co. v. American Eagle Fire Ins. Co., D.C.S.D. N.Y.1951, 95 F.Supp. 784), and where with regard to both classes of persons

the state has an acute interest. Cf. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. Can it be said to work such a change in that proposition when the only different factor is that the plaintiff's disclosed principals are foreign corporations authorized to do business in this state, and subject to suit here by consent? We think not. We think that there are sufficient contacts, ties and relations between the state on the one hand and the parties to this controversy on the other, to warrant the assumption of jurisdiction over the defendants consistent with due process (International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95) and that the statute in question contemplated such jurisdiction in favor of foreign corporations licensed to conduct business in this state. Clifton Products, Inc. v. American Universal Ins. Co., D.C.S.D.N.Y.1959, 169 F. Supp. 842 is not apposite. Accordingly, defendants' motion to dismiss for lack of personal jurisdiction is denied.

■ Defendants' alternate motion to *dismiss* for lack of jurisdiction of the subject matter is because there exists a valid arbitration agreement between the parties. It is stated in defendants' brief that, "It is well settled that when a valid arbitration agreement is in force, a court lacks jurisdiction over the subject matter of the action." The error in that statement is so obvious that it pains to discuss it. The court *has* jurisdiction by reason of the diversity of the parties, 28 U.S.C.A. § 1332, which is not lost even if a motion to stay pending arbitration properly made were granted, 9 U.S. C.A. § 3. A defendant may waive the arbitration procedure if it chooses. Until answer or a motion for a stay is made no one can tell. Accordingly, this motion too is denied.

■ Defendants lastly move to dismiss for failure of plaintiff to join the nine other companies that were members of the Latin American Pool at the time of the contract, on the ground that they are indispensable parties to this action. Plaintiff did not join them originally it claims because their identity was not disclosed to it at the time of the agreement. The present defendants were listed as members of the Pool in a Trust Agreement dated 1954 and submitted to plaintiff during the negotiations which led to the reinsurance agreement in issue in 1957. That Trust Agreement clearly provides for other parties who might join the Pool and become parties to the Trust Agreement subsequent to its execution. Apparently plaintiff did not inquire as to the composition of the Pool in December 1957, which information could readily have been obtained from the Trustee, The Marine Midland Trust Company, here in New York City, or presumably from defendants' representative. At any rate, plaintiff contracted with the Latin American Pool as then constituted, and since it does not allege any misrepresentation as to its then composition, it is chargeable with knowledge in the premises. Those nine additional companies obviously are interested in this controversy, since their rights and liabilities with respect to plaintiff must be determined in accordance with the single instrument sought to have construed here by the court. Whether denominated necessary or indispensable parties, their joinder can be effected and service made in the same manner followed with regard to the present defendants. They ought, therefore, to be brought in. We will accordingly deny defendants' motion to dismiss on this ground with leave to plaintiff to bring in the other parties.

These are orders. No settlements are necessary.