**W. P. KENNEDY, as President of the Brotherhood of Railroad Trainmen, etc., et al., Plaintiffs,**

v.

**LONG ISLAND RAILROAD COMPANY, etc., et al., Defendants.**

United States District Court
S. D. New York.
Dec. 30, 1960.

Zelenko & Elkind, New York City (Arnold B. Elkind and Irwin R. Karassik, New York City, of counsel), for plaintiffs.

Symmers, Fish & Warner, New York City, for defendant Imperial Ins. Co., Limited.

RYAN, Chief Judge.

The Imperial Insurance Company, Limited, one of the defendants, moves to dismiss or in lieu thereof to quash the return of process (pursuant to Rule 12 (b), F.R.Civ.P., 28 U.S.C.A.) on the ground of inadequate and improper service.

Defendant's position is that it is a corporation organized under the laws of the Bahama Islands; that it is not present within the state for purposes of jurisdiction and further that it was not properly served pursuant to Rule 4(d) (3) and (7), F.R.Civ.P. and under Section 59–a of the Insurance Law of the State of New York.

Plaintiffs urge that they are "beneficiaries" under the contract of insurance here in suit and they may avail themselves of the provisions of Rule 4(d) (7), F.R.Civ.P. and of the method of substituted service provided by Section 59–a of the New York Insurance Law, and thus acquire in personam jurisdiction over this defendant, a foreign insurance company, not authorized to do business in the State of New York. Plaintiffs further submit that the Superintendent of Insurance of the State of New York is authorized by the statute to receive the service of process in an action against a foreign insurance company doing business within the State of New York.

Amenability to process is a question of corporate presence within the territorial jurisdiction which is to be determined by federal standards both in suits predicated upon a federal question and upon diversity of citizenship (Jaftex Corporation v. Randolph Mills, Inc., 2 Cir., 1960, 282 F.2d 508; Shawe v. Wendy Wilson, Inc., D.C., 171 F.Supp. 117; D.C. 25 F.R.D. 1; Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., D.C.S.D.N.Y. 1959, 178 F.Supp. 150, and cases cited therein; Nash-Ringel, Inc. v. Amana Refrigeration, Inc., D.C.S.D.N.Y.1959, 172 F.Supp. 524).

The territorial jurisdiction of the district court for the service of process is unequivocally prescribed by Rule 4, F.R. Civ.P. to extend only throughout the state wherein the district court is located although this may be outside the district in which the court sits. Rule 4(f), F.R.Civ.P.; Mississippi Publishing Corporation v. Murphree, 1946, 326 U.S. 438, 66 S.CT. 242, 90 L.Ed. 185; see also Moore's Federal Practice (2d Edition 1948) Vol. 2, at 1030 et seq. However, "it is also sufficient if the summons and complaint are served in the manner prescribed by \* \* \* the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Rule 4(d) (7), 28 U.S.C.A.; cf. Farr & Co. v. Cia Intercontinental De Navegacion De Cuba S. A., 2 Cir., 1957, 243 F.2d 342. Thus, if the courts of the State of New York would permit the service of process made on this defendant, that service would be deemed adequate in this Court. It appears from the affidavits submitted that:

"The Marshal's return of service, on file in this court, indicates that the purported service was made upon The Imperial Insurance Company, Limited, by delivering to and leaving a copy of the summons and

complaint with one W. G. McGahan, Deputy Superintendent of the State of New York Insurance Department, at 123 William Street, New York, N. Y. As appears from the affidavit of Harold Revington, attached hereto, copies of the summons and complaint were received on or about September 24, 1960 by The Imperial Insurance Company, Limited, by registered mail together with a notice dated September 15, 1960, purported to be 'Pursuant to the requirements of section fifty-nine of the Insurance Law of New York.' Said Notice with summons and complaint were mailed from Albany, New York, September 15, 1960 to The Imperial Insurance Company, Limited, at Nassau, Bahamas." Page 2, affidavit in support of the notice of motion.

The pertinent section of the New York Insurance Law provides:

"2(a) Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer: (1) the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein, (2) the solicitations of applications for such contracts, (3) the collection of premiums, membership fees, assessments or other considerations for such contracts, or (4) any other transaction of business, is equivalent to and shall constitute an appointment by such an insurer of the superintendent and his successor in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer." 27 McKinney's Consolidated Laws of New York, § 59–a.

A person or party must have the status of "beneficiary" or "insured" under a contract of insurance before this section is operative. The Courts of New York have passed upon this question in Kaye v. Doe, 1953, 204 Misc. 719, 125 N.Y.S.2d 135, and plaintiffs contend that they would find that plaintiffs are "beneficiaries" under Section 59–a of the Insurance Law of the State of New York. In Kaye v. Doe, supra, suit was brought upon a liability insurance policy and contract by judgment creditors of the insured against the foreign insurers, who were not authorized to do business in New York. The Court held that the judgment creditors were not "mere strangers, naked of any relationship to the policy", 125 N.Y.S.2d at page 140. However, here, no such status exists vis a vis the plaintiffs and the insured, and thus with the insurer. The plaintiffs are neither third-party beneficiaries under the insurance contracts in suit (2 Williston on Contracts, Third Edition, 1959, Section 347, et seq.) nor have they acquired any matured claims that would produce a relationship between the plaintiffs and the insured allowing suit under the statute.[1] See Aero Associates, Inc.

---

1. Section 59–a provides a policy statement that: "The purpose of this section is to subject certain insurers to the jurisdiction of the courts of this state in suits by or on behalf of insureds or beneficiaries under certain insurance contracts." As we find that the plaintiffs here are not beneficiaries and certainly not insureds (Cf. Murphy v. Trans-

portation Vehicles, Inc., 1959, 22 Misc. 2d 966, 193 N.Y.S.2d 271; see also McNamara v. Allstate Insur. Co., 1957, 3 A.D.2d 295, 160 N.Y.S.2d 51; Congden v. Oneida County Grange Co-op. Fire Insur. Co., 1952, 203 Misc. 98, 114 N.Y.S. 2d 167) service pursuant to this subsection is inappropriate and invalid.

v. La Metropolitana, D.C.S.D.N.Y.1960, 183 F.Supp. 357.

We conclude, therefore that the defendant has not been properly and validly served with process. As this is dispositive of the within motion, we need not pass upon the question of whether or not defendant corporation is "doing business" within the jurisdiction for purposes of corporate presence.

The motion to vacate the service upon this defendant is granted. Plaintiffs' motion for leave to take depositions, therefore, is denied.

So ordered.