OPINION OF THE COURT
David O. Boehm, J.
This is an action for a declaratory judgment brought by plaintiff, Thelma A. Pelych, to adjudge that defendant, Potomac Insurance company, is obligated under its garage liability policy to pay any judgment which plaintiff may recover in her personal injury action against the defendant’s, insured, James E. Fisk and Patrick J. Vogt, doing business as Fisk Auto Body Service.
Defendant’s garage liability policy was issued to Fisk Auto Body Service for the period June 1, 1974 to June 1, 1975. On December 3, 1974, a Tuesday, James E. Fisk, a partner in the business, while driving to plow a driveway in a nearby town, was involved in an accident causing serious injuries to the plaintiff. At the time he was operating a 1971 Dodge pickup truck which was. not owned by Fisk Auto Body Service but by Fisk individually. The plaintiff brought an action for personal injuries against Fisk individually as well as against the partnership. Fisk’s individual policy limits are $50,000. The bodily injury limits of defendant’s garage liability policy are $100,000 —$300,000.
The defendant has denied any obligation to defend or pay *975 and its answer raises three affirmative defenses. The first affirmative defense is that the plaintiffs complaint fails to state a cause of action.
The second affirmative defense refers to coverages C and D of the comprehensive automobile liability portion of the policy, specifically section II, persons insured, which provides: "This insurance does not apply to bodily injury or property damage arising out of (1) a nonowned automobile used in the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured, or (2) if the named insured is a partnership, an automobile owned by or registered in the name of a partner thereof.”*
It is undisputed that the 1971 Dodge pickup truck driven by Fisk at the time of the accident belonged to him. However, at an examination before trial, both partners, Fisk and Vogt, testified that this truck was customarily used by the partnership for errands. The defendant makes no claim that the truck was not being used in the partnership business at the time of the accident.
As its third affirmative defense, the defendant refers to coverages G and H in the garage liability portion of the policy, which provides: "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded as indicated in this schedule”.
Under section VII, additional definitions, two different automobile hazards are set forth. Automobile hazard I provides coverage as follows: "(1) The ownership, maintenance or use (including loading or unloading) of an automobile for the purpose of garage operations, and (2) the occasional use for other business purposes and the use for non-business purposes of an automobile owned by or in charge of the named insured and used principally in garage operations, and (3) the ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of any person.” Automobile hazard II provides coverage as follows: "The use in connection with garage operations of any automobile which *976 is neither owned nor hired by the named insured, a partner therein or a member thereof, or a member of the same household as any such person.”
On the declarations page of the garage liability coverage, in the advance premiums column, there appears a premium charge of $66 in the space for automobile hazard II. No premium charge is entered in the space for automobile hazard I and the defendant argues that this clearly indicates that no coverage was provided for this hazard.
In response, the plaintiff points out that on June 5, 1974,- an indorsement, effective June 1, 1974, was issued by the defendant’s agent for attachment to the original policy naming Doris and James Fisk as "an additional insured” to the policy (Apparently, Doris is the wife of James.) Therefore, the plaintiff argues, the exclusion in section II, persons insured, as to an automobile owned by a partner where the named insured is a partnership, no longer applies because now Fisk, individually, is also a named insured.
Each party is now moving for an order to strike out the other’s pleading and for summary judgment.
On the first page of the insurance policy, under definitions, "insured” and "named insured” are defined as follows: " 'insured’ means any person or organization qualifying as an insured in 'Persons insured’ provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company’s liability;
" 'named insured’ means the person or organization named in Item 1. of the declarations of this policy.”
The defendant’s position is that an "additional insured”, whether specifically named as such or one who has become such by virtue of the omnibus clause in an insurance policy, takes the policy as he finds it and gets only the same coverage as the original named insured.
One authoritative insurance text has set forth the applicable law, as follows: "[Additional insureds must take the policy as they find it, subject to all conditions, limitations, and exceptions that exist with respect to the original insured. This may be confirmed by a policy provision which declares that the additional insureds shall have the same position as the original insured.” (12 Couch, Insurance 2d, § 45:301, p 315; see also § 45:307, p 321.)
*977 However, the above discussion refers to additional insureds who become such by virtue of the omnibus clause which New York requires by statute (Insurance Law, § 167, subd 2). This clause provides protection to other persons operating a motor vehicle with the named insured’s consent, "and whenever the policy uses the unqualified term 'insured,’ it includes not only the named insured but in addition thereto such other persons as are protected by the omnibus clause.” (30 NY Jur, Insurance, § 1227, p 661.)
Coverages C and D of the defendant’s policy, specifically section II, persons insured provides (par [c]) such omnibus coverage, as follows: "any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.”
An additional insured is covered not only to the same extent as if he were the named insured but, under the "separability doctrine”, there may be circumstances when he may have more protection by being treated as if he had a separate policy (see City of Albany v Standard Acc. Ins. Co., 7 NY2d 422, 433; Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120, 124-125; Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn., 305 NY 243, 249; Wenig v Glens Falls Ind. Co., 294 NY 195, 202).
Although the defendant takes the position that James and Doris Fisk are only "additional insureds”, the question is: are they? Was it their intent and that of the agent at the time the indorsement was added to have the Fisks included only in the same category as the unnamed "additional insureds” in the omnibus clause? If so, why name them? Furthermore, it was not required. James Fisk was a partner and, therefore, already covered under section II, persons insured (par [b]) dealing with use of an automobile by a partner in the business of the named insured. And Doris would be covered as either a permittee or employee of the partnership under the omnibus clause in paragraph (c) (see, Standard Sur. & Cas. Co. v Maryland Cas. Co., 199 Misc 658, 663).
Rather, it would appear to have been their intent, for whatever reason, to have the Fisks included as "named insureds”. This appears to be the clear meaning of the language of the indorsement, which says, "It is hereby understood and agreed that Doris and James Fisk are named an additional insured on the above policy.” (Emphasis supplied.)
*978 The effect of this would be to amend the policy as if it had been originally issued to the Fisks, individually, as well as to the partnership. When the indorsement was added, Doris and James Fisk did not become "additional insureds” but, instead, became additional "named insureds” together with the partnership. This is so because the term "named insured” applies only to the assured named in the policy (Fertig v General Acc., Fire & Life Assur. Corp., 171 Misc 921, 927).
However, the ultimate question is whether it makes any difference with respect to the owned automobile exclusion, i.e., does the exclusion eliminate coverage as to James Fisk, individually, as it does to James Fisk, partner, because he was driving a vehicle owned by him.
The answer to this would appear to be furnished by yet another indorsement, the effective date of which is the same as the one naming the Fisks as additional insureds, June 1, 1974. Although not referred to in the papers of either party, an examination of the policy shows that this indorsement was issued on October 16, 1974, approximately 3 Vi months after the first one. It provides: "It is hereby understood and agreed that the named insured is a partnership.”
On its face, it would appear to mean that, in spite of the addition of the names of Doris and James Fisk as named insureds on June 5, 1974, coverage on October 16, 1974 and retroactively back to June 1, 1974, and thereafter, was to be applied as if the named insured were a partnership.
If this is what occurred then obviously the ownership of the truck by Fisk, a partner in the named insured partnership, would exclude coverage.
The exclusion is clear and unambiguous and where the terms of an insurance policy are unambiguous, its construction is a matter of law for the court (Hartigan v Casualty Co. of Amer., 227 NY 175, 178).
Actually, however, the result is the same regardless of whether the "named insured” is the partnership alone or the partnership together with Doris and James Fisk. In either case the coverage extends no further than that which was provided and paid for.
It is clear that the premium for the garage liability policy was for hazard II coverage only, i.e., for automobiles not owned by the "named insured, a partner therein or a member thereof, or a member of the same household as any such *979 person.” It is undisputed that the only entry in the "Advance Premiums” column is the $66 premium paid for bodily injury liability and the $26 premium paid for property damage liability, both of which are listed in the spaces for automobile hazard II. There is no premium listed for automobile hazard I, covering owned automobiles and the only conclusion to be drawn therefrom is that no such coverage was obtained.
"The entries in the column captioned advance premiums * * * establish that insurance is afforded only with respect to the coverages indicated by specific premium charge or charges * * * When no premium is entered, it indicates that no coverage is afforded for the hazard opposite the space for the premium entry.” (Long, Law of Liability Insurance, § 7.02, p 7-4.)
On the schedule, description of hazards, specifying what owned automobiles are covered, there is set forth: "1 set dealers plates”, together with premiums for bodily injury and property damage in the advance premiums column.
It is apparent from all of the above that only those automobiles which are not owned by the partnership or any partner therein and automobiles bearing the partnership’s dealer plates, being operated in the business of the partnership, are the only automobiles covered by the defendant’s policy.
Accordingly, the plaintiff’s motion for summary judgment is denied and the defendant’s cross motion for summary judgment is granted.

 Included in the policy’s definition of "automobile” is "a land motor vehicle”.