OPINION OF THE COURT
John R Tenney, J.
Lorraine Phinney was divorced on October 23,1979. The decree provided that her husband “purchase a mobile home for the defendant and the children of the marriage to reside in”. On May 16, 1980, John Phinney entered into an agreement with plaintiffs to purchase the mobile home which was recorded on May 12, 1981.
On March 19,1982, Lorraine Phinney obtained a Family Court order which provided:, “that [the wife] and the three children shall be entitled to remain in the mobile home at 6528 Floral Drive, Watertown, New York, owned by [the husband] as ‘buyer’ under the Agreement of Purchase and Sale until [the husband] actually purchases for her a mobile home to be in her own name as required in the divorce decree. Any such purchase shall not be considered complete so as to require [the wife] to vacate said 6528 *514 Floral Drive premises unless and until [the wife] accepts the other mobile home as satisfactory in writing or further Court order.”
On March 29,1982, John Phinney quitclaimed his interest back to plaintiffs allegedly “in lieu of foreclosure” because he failed to pay the real estate taxes.
Plaintiffs then commenced a summary proceeding to evict defendant, but this was dismissed. Plaintiffs finally commenced this action in Supreme Court seeking a declaration that they are the owners and for possession plus damages.
Defendant did not serve an answer, and plaintiffs brought this application under CPLR 3215, seeking a default judgment. Defendant alleges that she was not properly served and has cross-moved to open any default and for leave to serve an answer. These cross motions were granted at oral argument.
Defendant further contends that the action should be dismissed on the ground that the quitclaim deed is void as an attempt to frustrate the valid order of the Jefferson County Family Court. She contends that she has offered to make the contract payments but that plaintiffs have refused to accept tender.
It is first necessary to determine the effect of the quitclaim deed. Plaintiffs contend that even if defendant did have some interest in the property by virtue of the divorce decree or Family Court order, they are nevertheless bona fide purchasers since there was no notice in the chain of title. However, this is not a proper conclusion.
“[W]here a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a bona fide purchaser.” (Williamson v Brown, 15 NY 354, 362.) Here, defendant was in actual possession which “is sufficient notice * * * to all the world of the existence of any right which the person in possession is able to establish”. (Phelan v Brady, 119 NY 587, 591- *515 592; see, also, Tehan v Peters Print. Co., 71 AD2d 101; Wardell v Older, 70 AD2d 1008.) Actual possession created a “duty to inquire of [defendant] as to [her] rights in the premises.” (Matter of XAR Corp. v Di Donato, 76 AD2d 972, 973.)
Plaintiffs contend that even assuming that defendant somehow attained her husband’s rights under the agreement, the agreement automatically terminated upon the husband’s default in the payment of real property taxes and installments due under the contract. Since the husband had no rights, the wife attained nothing and is subject to ejectment. Defendant disagrees contending that the agreement was intended to be a mortgage. The court agrees. “The most important single aspect of a mortgage relationship is the subjugation of the mortgaged premises to sale and the application of the proceeds of such sale to the satisfaction of the underlying obligation.” (3 Powell, Real Property, par 451.)
Plaintiffs concede that foreclosure was the remedy according to the agreement. In equity, “[a] court looks beyond the terms of the instrument to the real transaction, and when it is shown to be one of security, and not of sale, it will give effect to the actual contract of the parties”. (Mooney v Byrne, 163 NY 86, 92.) Furthermore, “even if there was a doubt as to the meaning the contract would be regarded as a mortgage, so as to avoid a forfeiture, which the law abhors”. (Mooney v Byrne, supra, p 92; see, also, Matthews v Sheehan, 69 NY 585.) Under the circumstances, the proper remedy is foreclosure of the mortgage and an action in ejectment will not lie.
The defendant never acquired legal title. However, the divorce decree and subsequent Family Court order gave her an equitable interest. Her interest was known to the plaintiffs, and she should have been allowed to continue the payments subject to a further court order.
Defendant appears to qualify as a third-party beneficiary. Her husband was compelled to provide her with a mobile home which he fulfilled by his contract with the plaintiff. (Vrooman v Turner, 69 NY 280; Snyder Plumbing & Heating Corp. v Purcell, 9 AD2d 505; Murphy v Transportation Vehicles, 22 Misc 2d 966.) It is not necessary for *516 the plaintiffs to make any promise to defendant. (Vroomah v Turner, supra, p 284.) Plaintiffs were or should have been aware of the husband’s intentions since possession of the premises was by defendant. In any case, plaintiffs were on notice of an interest by defendant, and they had an obligation to determine her interest before foreclosure or accepting a quitclaim deed in lieu of foreclosure.
Defendant has a right to possession under the court order, and it cannot be taken from her by the actions of the plaintiffs and husband without notice. Defendant seeks to enforce the promise of plaintiffs although the husband has not fulfilled his duty. She is attempting to enforce the promise by assuming the obligations to the promisor. Equity allows a nonparty to enforce the contract intended for his benefit. So long as the duty of payment is fulfilled, the promisee could give possession of the premises to any party without the promisor’s consent. Hence, the plaintiffs will not be prejudiced by defendant’s continued possession of the premises so long as contract payments are made.
Defendant’s motion to dismiss the action must be granted without prejudice to plaintiffs’ right to commence a proper foreclosure action should mortgage payments not be brought current. Defendant shall have the right to seek reimbursement from her ex-husband for any payments she makes.